## 9182

### BOOTH v. J. G. WHITE ENGINEERING CO.

### (86 S. E. 32.)

MASTER AND SERVANT. INNKEEPER. NEGLIGENCE. SELF-DEFENSE. INNOCENT BYSTANDER.

1. MASTER AND SERVANT — INNKEEPER — NEGLIGENCE. — Where a construction company maintains a mess hall, or boarding house, for the accommodation of its employees, a stewart placed in charge to manage same and preserve order, is acting in the scope of his authority as agent of the defendant in the management of the hall, in resisting an attack there made upon him by an unruly employee guest.

2. MASTER AND SERVANT—INNKEEPER—NEGLIGENCE.—Where the steward of defendant's mess hall or boarding house was informed several hours before the evening meal of a contemplated attack upon him at that time, and prepared to resist the attack by force and firearms at that time and place, when he knew there would be several hundred employee guests in the room, of which he had control, and where it was his duty to preserve order, it was for the jury to determine whether or not he was guilty of negligence toward the guests in the use of firearms to resist such attack.

3. MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK—INSTRUCTIONS.—In an action for personal injuries in being unintentionally wounded by a pistol fired by the steward of defendant's mess hall, an instruction that when plaintiff entered defendant's employment he assumed the risk of the negligence of his fellow servants, and that if the steward was acting on his own account, and was not within the scope of his employment, nor doing something

incumbent upon defendant to do, he was a fellow servant, and defendant was not liable for his acts, but if he was within the scope of his authority, and was negligent in the discharge of his duties, defendant would be liable, was not erroneous.

4. TRIAL—INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS—ASSUMPTION OF RISK.—In an action for personal injuries in being wounded by a pistol fired by the steward of defendant's mess hall, an instruction that a servant assumes the risk of his employment, but not those of incompetent servants, was not erroneous, when the Court also instructed that, if the steward was a fellow servant, defendant was not liable unless he was incompetent, and defendant was negligent in employing him.

5. MASTER AND SERVANT — INJURIES TO SERVANT — ACTIONS — INSTRUCTIONS.—In a servant's action for injuries through being wounded by a pistol fired by the steward of defendant's mess hall in protecting himself from an assault, an instruction that, if the act of the steward was justifiable, such act could not warrant a recovery of damages, was properly refused, since the action was based on the negligence of the steward as affecting the plaintiff, and such fact was eliminated from the instruction.

Before DeVORE, J., Winnsboro, February, 1914.  Affirmed.

Action by James W. Booth against J. G. White Engineering Company.  From judgment for plaintiff, defendant appeals, on the following exceptions:

Exception 1.  Because his Honor, the presiding Judge, erred in failing to sustain the motion of the defendant for nonsuit and direction of verdict on the ground that the act of the defendant's servant, Hensinger, was without the scope of his employment, when the only reasonable deduction to be drawn from the testimony was that Hensinger, when he shot Booth, was acting without the limit of the authority extended to him by the J. G. White Engineering Company.

Exception 2.  Because his Honor, the presiding Judge, erred in failing to sustain the motions of defendant for nonsuit and direction of verdict on the ground that the only

FOOTNOTE.—As to liability of innkeeper for injuries to guest by servant, see notes in 69 L. R. A. 642, 4 L. R. A. (N. S.) 649, 12 L. R. A. (N. S.) 1155.

reasonable deduction to be drawn from the evidence was that Hensinger and Booth were fellow servants engaged by the same master in the same general employment.

Exception 3. Because his Honor, the presiding Judge, erred in charging the following: "A servant in the employment of a master assumes ordinary risks that are incident to his employment, but he does not assume the risk of incompetent servants." This charge constituted error and imposed on the master the liability to his servants for the incompetency of fellow servants regardless of the diligence the master has employed in selecting them, and further that said charge was contrary to the facts proven in this case, and inapplicable thereto in that there was no evidence that the master had failed to use due diligence in the selection of the servant whose delicts are charged against him.

Exception 4. Because his Honor, the presiding Judge, erred in refusing to charge defendant's request as follows: "That if you find that the act of Hensinger was justifiable, when that is made the basis of a cause of action, that act could not warrant a recovery of damages." Said instruction being a correct proposition of law, entirely applicable to the case at bar, in that any act on the part of the steward that was justifiable in law would relieve him of any liability, and if he was acting for the master, would likewise relieve the master.

Exception 5. Because his Honor, the presiding Judge, erred in refusing to charge the jury defendant's request, that there was no evidence justifying the award of punitive damages, careful examination of the record showing that there was no evidence of wilfulness and wantonness therein which would justify the submission to the jury of that issue.

Exception 6. Because his Honor, the presiding Judge, erred in charging the jury: "Did the defendant on that occasion, through Hensinger, do what a person of ordinary reason and care would have done? I do not know whether he did or not; if he did, he complied with the law; if he

failed to do what a person of ordinary reason and care would have done, he failed to comply with the law; in other words, in order for you to ascertain whether this defendant was negligent, you will take all the facts and circumstances into consideration; you have heard them, and say whether, under all the facts and circumstances, he was guilty of negligence, and then, if you so conclude, you will go a step further and ascertain from the evidence whether that negligence was a direct and proximate cause of injury." Said charge being erroneous in that it assumes that Hensinger's actions were the actions of the master, and that said Hensinger was the vice principal on the spot, thus holding the master responsible for the negligent actions of the steward, if any, when the evidence showed that the acts complained of were beyond the scope of Hensinger's employment, and when the master could only be held for the negligence of Hensinger within the scope of his employment.

Exception 7. Because his Honor, the presiding Judge, erred in charging the jury as follows: "Now, before you can ascertain whether or not the steward of this mess hall represented the master, you must ascertain from this evidence, whether or not he was doing and performing the duties that was imposed upon the master. If he was performing a duty that the master had to perform, then, he was the same as the master, and in that connection, I may state to you for the purpose of this case, that whenever this defendant company employed a person to labor for it, to do work of any kind, that the relation of servant and master came into existence, the defendant company being the master and the laborer being the servant."

And as follows:

"Now, then, if he was representing the master, that is, the company, then his negligence, so far as he was negligent, in the performance of his duties that he was employed to perform, if he was negligent in the pursuit of his duties, his negligence would be attributed to the master. It would be

the same thing as the master's negligence if he was representing the master, doing the work that the master was required to do."

And further:

"Was he acting within the scope of his authority and his agency and at the time was he performing the duties imposed upon him by his employment and was he representing the master, that is, performing the duties that the master is required to perform?" This constituted error in that—

(a) The master was held liable for any acts of Hensinger which might appear to be in the line of defendant's duty regardless of the extent of Hensinger's authority. ·

(b) The master was held liable for any acts of Hensinger, voluntary, malicious or otherwise, which might be construed as an attempt on his part to perform the duties required of the master; regardless of the correct rule that the master could be bound by the acts of Hensinger only within the scope of the duties to be performed by Hensinger.

Exception 8. Because his Honor, the presiding Judge, erred in overruling the motion of defendant for a new trial on the ground that the following attitude of Hensinger, as defined by his Honor, was chargeable to the defendant:

"Well, one of the facts and circumstances connected with it was that this man (Hensinger) was warned that 'they are coming there to cut you up.' 'All right,' by his attitude, 'let them come. I will get ready for them and get a pistol and put a pistol in my pocket. I know those people are coming here to supper. I know this house will be crowded, but let them come anyhow. I have got control of this house. I was put her to boss it. Let him come. I will meet him when he comes in here and I will shoot and shoot in his crowd.' "

This constituted error in that there is no evidence tending to show that this defendant authorized or employed the said Hensinger "to boss" anyone involved in this affair, and, further, there is no evidence that defendant authorized the

steward either to make trouble or to defend himself therefrom, or that when acting in that capacity he was representing the master.

Exception 9. Because his Honor, the presiding Judge, erred in refusing to grant the motion for a new trial in this cause and in holding as a matter of law in connection therewith that Hensinger was a representative of the master, required to maintain a safe place for the plaintiff to eat and acting directly for the master, when there was no testimony tending to show that the master had invested said Hensinger with any authority whatsoever to maintain the safety of the boarders at the mess hall, other than to manage the waiters and look after the preparation and service of the meals.

Exception 10. Because his Honor, the presiding Judge, erred in overruling defendant's motion for a new trial on the ground that the jury had decided, and had the right to decide, that the actions of the steward were within the scope of his employment, said issue being an issue of law to be determined by the Court and not by the jury.

*Messrs. Barron, McKay, Frierson & Moffatt, McDonald & McDonald,* and *Glenn W. Ragsdale,* for appellant, cite: *Ex. 1:* 100 Am. St. Rep. 155; 22 Cyc. 1080; 131 Fed. 161; 69 L. R. A. 642, 653; 30 N. W. 148; 36 Am. Dec. 189; 12 L. R. A. (N. S.) 1155; 73 N. Y. 543; 54 Am. St. Rep. 72; 5 Rich. 27; 86 S. C. 73; 72 S. C. 205.   *Ex. 2:* 71 S. C. 56; 78 S. C. 414; 80 S. C. 232.   *Ex. 3:* 77 S. C. 550; 18 S. C. 262; 1 Labatt, M. &. S. (1st ed.) 179.   *Ex. 4:* 142 U. S. 18; 54 L. R. A. 649, 658.

*Messrs. Gaston & Hamilton,* for respondent, cite: *As to scope of employment:* 67 S. C. 419; 68 S. C. 89; 3 S. C. 1; 99 S. C. 453; 13 S. C. 5; 37 S. C. 377; 16 S. E. 40; 65 S. C. 45; 43 S. E. 295; 69 S. C. 413; 47 S. C. 290; 76 S. C. 211; 56 S. E. 908; 82 S. C. 173; 63 S. E. 744; 95 S. C. 356; 78 S. E. 977; 89 S. C. 1; 77 S. C. 546; 4 Stroh. 363; 37 S. C. 194; 15 S. E. 78; 37 S. C. 377; 16 S. E. 40; 58 S. C. 143;

36 S. E. 509; 65 S. E. 75; 43 S. E. 295; 67 S. C. 395; 45 S. E. 932; 69 S. C. 413; 48 S. E. 200; 76 S. C. 211; 67 S. C. 391; 3 S. E. 580; 29 S. C. 381; 33 S. E. 427; 35 S. C. 475; 72 S. C. 205; 89 S. C. 1; 67 S. C. 398; 3 S. C. 9. *As to fellow servants:* 72 S. C. 246, 269; 51 S. E. 882; 97 S. C. 409, 410; 115 Minn. 172; 131 N. W. 1078; 25 A. & E. Ann. Cas. 775; 30 *Ib.* 1030; 122 Pac. 785; 198 Mass. 224; 84 N. E. 321; 17 L. R. A. (N. S.) 568. *Charge on self-defense:* 89 S. C. 492.

August 27, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from judgment for plaintiff for $2,400 actual and punitive damages, recovered under these circumstances: Defendant was engaged in building a dam across Broad River, at Parr Shoals, in Fairfield county. For the convenience of its employees, defendant ran a mess hall, at which between two and three hundred of its employees, plaintiff among them, were furnished meals, the pay therefor being taken out of their wages. George Hensinger was employed by defendant as steward of the mess hall. At the midday meal, on February 16, 1913, Aubrey Henry, one of the boarders, and the steward had a personal encounter which grew out of complaint made by Henry to the steward about the meal. The steward knocked Henry down with a pick handle, and he was put out of the building. Hearing that Henry had made threats to collect a number of his friends, and, when they came in to the evening meal, engage him in a difficulty and cut him up, the steward reported the matter to defendant's walking boss, camp boss, and constable. They advised him to prepare for the attack. Accordingly, he armed himself with a pistol, and when Henry came in that evening, an altercation ensued. The testimony is conflicting as to whether it was brought on by Henry or the steward. The steward fired twice at Henry.

The first shot missed him, and struck plaintiff in the back, while sitting at a table waiting to be served. The second shot killed Henry.

. The issues were: Was the steward acting within the scope of his authority, as the agent of defendant in the management of the mess hall? If so, was his conduct, as to plaintiff, negligent and in reckless disregard of plaintiff's rights? There was testimony tending to prove the affirmative of each of these issues, and they were, therefore, properly submitted to the jury. Hensinger was informed several hours before the evening meal of the contemplated attack upon him at that time. He knew there would probably be several hundred men in the dining room of which he had control, and where, as defendant's agent, it was his duty—as the evidence tended to prove—to preserve order. Would ordinary prudence and care for the safety of his guests have suggested a different course? Was he at fault in bringing on the difficulty? If not, did he act with due care, as to plaintiff, in the means and manner of his defense? Was the course adopted in reckless disregard of the safety of his guests? The circumstances required submission of these questions to the jury.

The Court instructed the jury that, when plaintiff entered into the employment of defendant, he assumed all the risks incident thereto, and that one of these was the negligence of his fellow servants, and, if Hensinger was acting upon his own account, and was not representing the defendant—not acting within the scope of his employment—not doing something incumbent upon defendant to do, he was a fellow servant of plaintiff, and defendant was not liable for his acts; but, if he was acting within the scope of his authority as steward, and performing a duty owing by defendant to its servant-guests, and was negligent in the discharge of that duty, defendant would be liable for the direct consequences of his negligence. In this, there was

no error.  *Redding* v. *R. Co.,* 3 S. C. 1; *Jackson* v. *Ry.,* 77 S. C. 550, 58 S. E. 605.

Appellant complains of the instruction that a servant assumes the risks incident to his employment, "but he does not assume the risks of incompetent servants."  Standing alone, this instruction would have been erroneous; but the Court had just told the jury that, if Hensinger was a fellow servant of plaintiff, defendant was ·not liable, unless he was incompetent, and defendant was negligent in employing him.  But if defendant exercised ordinary care in employing him, it had discharged its duty under the law; that, in that regard, defendant was bound only to exercise ordinary care.  From this, it will be seen that the jury could not have been misled by the subsequent remark above quoted, because, from what had just been said, they must have understood the Court to mean that a servant does assume the risk of incompetency of his fellow servants, when they are selected with due care.  The charge must be construed as a whole, and the language quoted, in connection with what had been said immediately before.  Besides, there was not a particle of testimony tending to prove negligence in the employment of Hensinger. We are satisfied, therefore, that defendant suffered no prejudice from the failure to properly qualify the language quoted in the immediate connection in which it was used.

The Court refused defendant's request for this instruction: "If you find that the act of Hensinger was justifiable, when that is made the basis of a cause of action, that act could not warrant a recovery of damages."  The request was properly refused, because, as said by the trial Judge, the action was based on the negligence of Hensinger, as affecting the plaintiff, and that feature of his conduct was wholly eliminated by the request, which sought to confine the consideration of his conduct to its aspect with regard to his right of self-defense against the attack of · Henry.  It is conceivable that Hensinger may have been

justifiable—more correctly, excusable—in killing Henry, but culpable in so far as his act affected the plaintiff.   One may be negligent in doing that which he may lawfully do, either in the means, manner, or time of doing it, or in doing it under circumstances which indicate the lack of proper consideration for the rights of others who may be unintentionally affected.   If, in the lawful exercise of the right of self-defense, one accidentally injures an innocent bystander, ordinarily, it is *damnum absque injuria;* but it is not so, if he is guilty of negligence or folly with respect to the rights of the innocent bystander injured, and the question of negligence, where the facts are in dispute or susceptible of more than one inference, is for the jury.   This rule was applied in *Morris* v. *Platt,* 32 Conn. 75; *Paxton* v. *Boyer,* 67 Ill. 132, 16 Am. Rep. 615; and *Lord* v. *Shaw,* 137 Pac. 885, 50 L. R. A. (N. S.) 1069.

The case of *New Orleans etc. R. Co.* v. *Jopes,* 142 U. S. 18, 12 Sup. Ct. 109, cited and relied upon by appellant, is not in point.   In that case, Jopes, who was a passenger on defendant's train, was shot by the conductor.   He sued the railroad company for damages.   The defense was that the conductor's act was justifiable, because he was acting in self-defense of an attack made upon him by Jopes.   Of course, if the conductor's act was justifiable, he was not liable to Jopes; nor was the company, because its liability was predicated upon that of the conductor.   The case would have been analogous, if, in defending himself against the attack of Jopes, the conductor had negligently injured another passenger, who had sued the company.

The remaining exceptions are clearly without merit, and in view of what has been said, they need not be specially considered.

Judgment affirmed.