14935

POSTON v. HOME INS. CO. OF NEW YORK

(4 S. E. (2d), 261)

January, 1939.

*Messrs. Willcox, Hardee & Wallace,* for appellant,

*Messrs. McEachin & Townsend,* for respondent,

August 16, 1939.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

The respondent herein sues upon a policy issued by the appellant, insuring the plaintiff against loss by theft of his automobile. It is alleged that the motor vehicle was stolen from the plaintiff while the policy was in force. The only material defense now in issue is the denial that the automobile was stolen. The case was duly set for trial, on the bar roster over defendant's objection, and later defendant's motion for a continuance was overruled by the Court. The case was tried and a verdict rendered in favor of the plaintiff for the fixed value of the motor vehicle in the sum of $350.00.

The grounds of the motion for a continuance are set forth in an affidavit of counsel for appellant wherein it is shown that the plaintiff himself was at the time under indictments in the Federal Court upon warrants charging him with the theft of his own automobile and with using the mail to defraud in the filing of proof of loss under the policy, and that the public interest would suffer if the civil case be tried first, thereby disclosing the testimony relied upon by the government to convict.

The defendant refused to offer any testimony and stood upon its right of a continuance.

The sole issue on the appeal is the propriety of the County Court's refusal to continue. No cases from this State are cited by counsel on either side, as directly in point.

Appellant refers to the Rhode Island case of *Anthony v. Clarke*, 1 R. I., 284, as the only one where the matter has been definitely decided, and the contention of appellant upheld. Respondent suggests that the case of *Fitchette v. Sumter Hardwood Company*, 145 S. C., 53, 142 S. C., 828, throws light upon the matter, deciding that a libel action

should not be continued necessarily until the defense might prove the truth of the libelous matter in another suit pending for an accounting between the same parties.

In the absence of any controlling case in this State, the Court is free to render its decision as one of first impression without regard to the reasoning of the Court of another jurisdiction.

The fundamental ground for the continuance, and of the appeal, is the sub-servience of the public interest, and that the interest of justice and of the public at large demands that the case should be continued until the trial of the criminal charges in the Federal Court. Appellant disclaims any question of accommodation to itself. The conviction of respondent upon the charges would be conclusive against him here, because this Court would not look with favor upon the right of any party to profit by his own criminal act.

But his acquittal would not end this litigation, because whereas the government or the State might fail to prove the charges beyond a reasonable doubt in order to convict, yet the defense in the civil suit could prevail if proven by the greater weight of the evidence. The proof required differs in the two cases. *Booth v. J. G. White Engineering Co.,* 101 S. C., 483, 86 S. E., 32.

On the other hand the respondent should not be required to delay his vindication in this Court, if innocent of the charges, at the earliest opportunity. There is not, therefore, any absolute rule by which civil actions are always continued as a matter of right to await the event of an indictment pending in relation to the subject-matter of the suit.

Somewhat analogous is the rule in *Davis v. Hunt,* 2 Bailey, 412, that a continuance will not be granted by reason of the pendency of a suit in equity for the same matter, where the plea of such suit would not avail in abatement. The general rule is that an action may be pleaded in abatement of a second suit only when between

the same parties and in the same jurisdiction and with the same object.

The appellant further urges that the refusal of the Judge of the County Court upon the showing made to continue the case amounts to a legal abuse of discretion. There was no rule of law to require the Court below to continue the case and, therefore, no abuse of discretion constituting error of law in failing to do so. The matter was addressed to his sound discretion and his ruling will not be disturbed unless manifestly erroneous.

It is pertinent to inquire from the record the duration of the time element as an indication of the extent that the delay resulting from the continuance will have upon the rights of the parties as well as upon the public interest. Should it appear in any case that the criminal charges were being pressed vigorously and without delay, that the proof was evident or the presumption great, that the State or the government joined in the suggestion of the motion for a continuance, and that a speedy trial was imminent, there can be no doubt that the duty to continue the civil case would weigh heavily upon the conscience and discretion of the Court below. In the case at bar it appears that the alleged loss under the policy arose on September 11, 1937; that this suit was begun on April 29, 1938, and tried on January 19, 1939, while the prosecution of the plaintiff for using the mail to defraud waited until December, 1938, about one year and a quarter after the loss occurred. The case was not tried at the April, 1939, term of the U. S. District Court because the Judge held the Court for only one week and adjourned the second week so that the case could not be reached. If the Judge of the Federal Court considered that the public interest required a trial of this case no doubt it would have been called for trial during the first week of the April term.

At any rate the continuance by the State Court was properly refused and the defendant has not suffered any denial of right on its part to fully defend the case by answer and

by evidence. If it saw fit not to offer testimony, which in no sense was secret or privileged, then the judgment below should be sustained.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE BAKER concurs in result.

MR. JUSTICE CARTER did not participate on account of illness.