Samuel H. Hofstadteb, J.
This action is brought to recover $210,338.65, the amount of moneys claimed to have been stolen by the defendant. The complaint contains 24 causes of action, all identical, except for the date of the theft and the amount stolen. A statement of a single cause of action will, therefore, suffice for disposition of the present motion to dismiss each cause of action on the ground that it did not accrue within the time limited for the commencement of an action thereon, and on the further ground that it does not state facts sufficient to constitute a cause of action.
It is alleged that on October 15, 1953 an indictment was filed against the defendant in the Court of General Sessions in the county of New York, a copy of which is made part of the complaint. On June 7, 1957 the defendant was convicted of the crime of grand larceny in the first degree as set forth in a designated count of the indictment and on November 18, 1957 for the conviction of this felony he was sentenced to State prison for a term of from two to four years as shown in the certificate of the Clerk of the Court of General Sessions, likewise made part of the complaint. By reason of the foregoing the plaintiff has been damaged by the defendant’s felonious acts and has become entitled to recover the stated amount pursuant to section 512-b of the Penal Law. The designated count charges that the defendant on a given date with the necessary intent stole the plaintiff’s property, to wit, currency of the United States in a stated amount. Each of the 24 larcenies of which the defendant was so convicted is charged to have been per *437 petrated between May 3, 1948 and December 6, 1949, and none is alleged to have occurred later than December 6,1949.
Section 512-b of the Penal Law reads as follows:
‘ ‘ A person injured by the commission of a felony, for which the offender is sentenced to imprisonment in a state prison, is deemed the creditor of the offender, and of his estate after his death, within the provisions of the statutes relating thereto.
‘ ‘ The damages sustained by the person injured by the felonious act, may be ascertained in an action brought for that purpose by him against the trustees of the estate of the offender, appointed under the provisions of the statutes, or the executor or administrator of the offender’s estate.”
On the branch of the motion based on the Statute of Limitations, the narrow question is whether the cause of action arose when the defendant stole the money or whether it came into being only when he was convicted or sentenced for the larceny. If the former is the ease, the action is not timely, for it was commenced on March 6, 1958, more than eight years after the latest of the thefts of which the defendant stands convicted. If it arose on the defendant’s conviction or sentence, the action is brought well within the time prescribed for its commencement.
The plaintiff argues that its cause of action is one to recover on a liability created by statute, except a penalty or forfeiture, subject to the six-year period of limitation pursuant to subdivision 2 of section 48 of the Civil Practice Act. Neither party has cited direct authority on the question nor has the court found any.
A cause of action for breach of contract or conversion accrues when the breach or the conversion occurs (Guild v. Hopkins, 271 App. Div. 234, 244, affd. 297 N. Y. 477). In Gordon v. Hostetter (37 N. Y. 99) the defendant sued for the conversion of moneys he had stolen from the plaintiffs, his employers, contended that no civil action could be maintained against him until after he had been convicted for the felony committed. The court rejected this contention and said that “ the civil remedy of the plaintiffs was neither merged in the alleged felony, nor suspended until the conviction of the offender” (p. 105). It follows that the period of limitation for the commencement of an action for conversion or money had and received is not tolled or extended by either the pendency of the criminal prosecution or the defendant’s conviction (Gordon v. Hostetter, 37 N. Y. 99, 100, 104).
The plaintiff urges, however, that section 512-b of the Penal Law creates the liability which it is here seeking to enforce. The section does not in terms so declare. The section is not new *438 but has in some form been part of the statute law of the State since 1801 (see L. 1801, ch. 676). Its purpose was to abolish the common-law rule that the private wrong to an individual injured through the commission of a felony was entirely merged in the public wrong, and hence could not give rise to a civil cause of. action (Shaul v. Fidelity & Deposit Co. of Maryland, 131 Misc. 401, affd. 224 App. Div. 773). Full effect can be given to section 512-b, if it is construed to continue the doctrine that, contrary to the common law, the law of this State is that civil liability is neither merged in nor impaired by conviction for felony. So read, the section creates no new but preserves an existing liability. In my opinion, this is its correct interpretation. It follows that the plaintiff is here seeking relief for the wrong perpetrated by the defendant at the time he stole its money and not to vindicate a right conferred by section 512-b of the Penal Law. Accordingly, it must be held that the action has not been brought within the time limited for its commencement.
The motion to dismiss for insufficiency should, however, be denied. Though the defendant’s conviction creates no new liability, it establishes at least presumptively that he did in fact commit the thefts with which he was charged (Schindler v. Royal Ins. Co., 258 N. Y. 310, 314). Giving the pleading the benefit of favorable inference, it may then be treated as alleging that the defendant stole the moneys at the times and in the amounts set out in the indictment.
The motion to dismiss pursuant to subdivision 5 of rule 107 is granted, and that pursuant to subdivision 4 of rule 106 is denied. Though the plaintiff’s opposing affidavit does not intimate that the Statute of Limitations was otherwise tolled, the plaintiff may nevertheless have some ground for overcoming the bar. The plaintiff may, if so advised, serve an amended complaint within 10 days after service of a copy of this order with notice of entry.