Patricia MIKLAUTSCH, Appellant,

v.

Lillian Ruth DOMINICK, Appellee.

No. 1004.

Supreme Court of Alaska.

March 28, 1969.

Stephen S. DeLisio, Schaible, Staley & DeLisio, Fairbanks, for appellant.

Before NESBETT, C. J., and DIMOND, and RABINOWITZ, JJ.

RABINOWITZ, Justice.

In this appeal appellant has raised a first impression question concerning interpretation of our rule of civil procedure governing offers of judgment.

In August 1965, appellee instituted a personal injury action against appellant. Subsequently, on May 24, 1967, appellant served and filed with the trial court an offer of judgment in the amount of $2,500 including costs to the date of offer.[1] The offer of judgment was made in conformity with Civil Rule 68.

Some 10 months after the time appellant made this unaccepted offer of judgment, the case was tried before a jury. After seven days of trial, the superior court directed a verdict for appellee on the issue of liability. Thereafter, the jury returned a verdict under which it did not award appellee any damages. Both appellant and appellee then requested the superior court to award them costs and attorney's fees.

1. The offer of judgment reads in part:
Defendant, pursuant to Civil Rule 68, hereby offers to allow entry of judgment for Plaintiffs in this action for $2,500.00 plus costs to date hereof. This is an offer of compromise only, and is not to be construed as an admission.

The superior court decided that appellee was entitled to the costs she had incurred prior to the May 24, 1967, offer of judgment. Additionally, the superior court awarded appellee attorney's fees in the amount of $150 for the period of time covering the institution of the action until the date of the offer of judgment.[2] No costs or attorney's fees were awarded to appellant.

Study of the superior court's order which granted appellee costs and attorney's fees indicates that the trial court made its determination on the basis that appellee was the "prevailing party."[3] In its utilization of the "prevailing party" criterion, the trial court was undoubtedly influenced by the provisions of Civil Rule 54(d)[4] and Civil Rule 82.[5] Both of these rules, which provide for the allowance of costs and attorney's fees, are couched in terms of allowance of such items to the "prevailing party." We hold that Civil Rule 68 is distinguishable from rules 54(d) and 82 and that the superior court erroneously interpreted our offer of judgment rule.[6]

In regard to an offer of judgment, Civil Rule 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party

---

2. This portion of the trial court's order reads:

> The plaintiff is entitled to her costs accrued prior to May 25, 1967, and the Clerk of this court is instructed to re-tax costs allowable hereunder.
>
> In addition, the sum of $150.00 is allowed plaintiff for attorney fees for the period from August 30, 1965, to May 25, 1967.

A judgment was thereafter entered in accordance with the court's determination of the costs and attorney's fees question.

3. The trial court's order reads in part:

> Both parties request of the court a judgment on a verdict for the costs and the attorneys' fees allowable under Rules 54(d) and 82 to the prevailing party.
>
> The prevailing party is one in whose favor the decision or verdict is rendered and the judgment entered (citing Buza v. Columbia Lumber Co., 395 P.2d 511, 514 (Alaska 1964)).
>
> As it may relate to costs, Rule 68 precludes the court from allowing costs against the defendant because the offer made and not accepted except for costs accrued prior to the offer.

4. Civ.R. 54(d) provides:

> Except when express provision therefor is made either in a statute of the state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. The procedure for the taxing of costs by the clerk and review of his action by the court shall be governed by Rule 79.

5. Civ.R. 82(a) (1) provides in part as to attorney's fees:

> Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law * * *.

6. The record indicates that appellant abandoned any appeal regarding the superior court's award of costs and attorney's fees to appellee for the period commencing with the institution of the action up to and including the date of the offer of judgment.

to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

In the case at bar the record reflects that the offeree (appellee) did not obtain a judgment more favorable than the offer of judgment which was made by appellant. In such circumstances, Civil Rule 68 provides that "the offeree must pay the costs incurred after the making of the offer." As was stated at the outset, this is the first occasion we have had to interpret this portion of Civil Rule 68. In Liberty National Insurance Company v. Eberhart,[7] we said:

> Appellant contends that because its insured, Melvin Sharp, had offered before trial to allow judgment to be taken against him for $10,000, appellant should not be liable for costs. Appellant does not elaborate on this point, and we fail to see where it has any merit. *Had the judgment entered been less than or equal to the offer, then appellee would have been liable for the costs incurred after the offer in accordance with Civil Rule 68. But that rule has no application here because the judgment finally obtained by appellee was double the amount offered.*[8] (emphasis added).

The *Liberty National* case points to the resolution of the question raised in this appeal. We hold that when the judgment recovered is less than an offer of judgment made in conformity with Civil Rule 68, the offeree is liable for the costs incurred by the offeror subsequent to the time the offer was made. We further hold that in administering Civil Rule 68 utilization of the "prevailing party" criterion employed in Civil Rules 54(d) and 82 is inapposite. All that is required to bring into play "the offeree must pay the costs incurred after the making of the offer" portion of Civil Rule 68 is a recovery which falls short of the offer of judgment. In our opinion, any other interpretation would be contrary to the clear meaning of the text of the rule, as well as in derogation of the rule's rationale. The prevailing party concept of Civil Rules 54(d) and 82 has not been made part of the substance of Civil Rule 68. This latter rule of civil procedure reflects the intent that costs and attorney's fees be allowed to the offeror when the judgment finally obtained by the offeree is not more favorable than the offer, regardless of who is the prevailing party in terms of Civil Rules 54(d) and 82.[9]

---

7. 398 P.2d 997, 1000 (Alaska 1965) (footnote omitted).

8. Albritton v. Estate of Larson, 428 P.2d 379, 383–384 (Alaska 1967), in part involved resolution of Civ.R. 68 questions and in particular construction of the first sentence's phrase "with costs then accrued." In that case we held that:
> [W]hen an action has been settled pursuant to Civil Rule 68, the trial court is vested with wide discretion in determining attorney's fees under the 'with costs then accrued' portion of the rule, and the court's determination will be set aside only upon a showing of clear abuse of that discretion.

9. *Compare* our recent decision in Houger v. Houger, Opinion No. 520, 449 P.2d 766 (Alaska, January 27, 1969), where in a contested divorce action the trial court determined that both parties were entitled to obtain a divorce. Since neither party was the "prevailing party" under Civ.R. 54(d) and Civ.R. 82, we concluded that the trial court could have properly denied the wife any costs or attorney's fees. On the other hand, we decided that AS 09.55.200(a)(1) showed "a legislative intent that attorney's fees be allowed to the wife in a divorce action regardless of who is the prevailing party. This case will be remanded to the trial

■ The purpose of Civil Rule 68 is to encourage the settlement of civil litigation, as well as to avoid protracted litigation. In our view, adoption of Civil Rules 54(d) and 82's "prevailing party" criterion in the resolution of rule 68 issues defeats the very purposes which led to the promulgation of the rule.

court for determination of an appropriate award of attorney's fees to appellant."
*See also* the last sentence of Civ.R. 68 which permits offers of judgment to be

■ The superior court order and judgment of April 29, 1968, insofar as they relate to the denial of costs and attorney's fees to appellant are reversed. The cause is remanded to the superior court for a determination of an appropriate award of costs and attorney's fees to appellant in accordance with the foregoing.

made even in the situation where only the amount or extent of liability remains to be determined.