Wayne Leroy SCOTT and Lornell K. Scott, Appellants,

v.

Bruce Howard ROBERTSON, d/b/a A-1 Moving and Storage, Appellee.

Bruce Howard ROBERTSON, d/b/a A-1 Moving and Storage, Cross-Appellant,

v.

Wayne Leroy SCOTT and Lornell K. Scott, Cross-Appellees.

Nos. 3436, 3538.

Supreme Court of Alaska.

July 28, 1978.

F. P. Pettyjohn, Pettyjohn & Pestinger, Anchorage, for appellants and cross-appellees.

Murphy L. Clark, Stephen ·G. Dunning, Anchorage, for appellee and cross-appellant.

## OPINION

Before BOOCHEVER, Chief Justice, CONNOR and BURKE, Justices, and DIMOND, Justice Pro Tem.

BOOCHEVER, Chief Justice.

This appeal questions the admissibility of a criminal conviction for driving while under the influence of intoxicating liquor, offered for the purpose of proving negligence in a civil action arising out of the same incident. Also at issue is the amount of attorney's fees awarded when the plaintiffs secured a lower net judgment than the sum contained in a formal offer of judgment We affirm the rulings of the trial court.

In May 1975, the parties of this appeal were involved in a rear-end collision at 12th and I Streets in Anchorage. Wayne Scott, the driver of the leading car, was arrested and charged with operation of a motor vehicle while under the influence of intoxicat-

ing liquor (OMVI).[1] He was convicted of the charge after a jury trial in August of 1975.[2]

On October 2, 1975, Wayne and Lornell Scott filed a complaint against Bruce Howard Robertson, the driver of the car which had been following them, alleging that the sole and proximate cause of the accident was the negligence of Robertson. Robertson in response alleged that it was the Scotts who were negligent.

The trial court ruled that the August jury verdict for driving while under the influence of intoxicating liquor was relevant and admissible as evidence of negligence. The jury returned a special verdict, finding that Wayne Scott had been damaged in the amount of $7,814.00 and Lornell Scott, in the amount of $274.00. However, the jury apportioned the fault for the damages as 60 percent to the Scotts and 40 percent to Robertson.[3] Thus, the trial court found that the plaintiffs were entitled to a recovery of $3,235.00.

The Scotts appealed; Robertson cross-appealed.

## I. THE ADMISSIBILITY OF THE CRIMINAL CONVICTION

Whether the criminal conviction of a party following trial and arising from the same facts as a later civil action, may be admitted at a civil trial as evidence of a material fact on which it necessarily rests[4] is an issue of first impression in Alaska.[5] The common law rule has been that such convictions are not competent evidence of the facts supporting them.[6] The various reasons supporting this rule may be articulated as follows:

(1) The use of judgment of a conviction which is technically hearsay;[7]

(2) The possibility that the defendant may not have effectively litigated the criminal issue because of lack of motive or opportunity to defend;[8]

(3) The probability that the issues in both cases would not be identical;[9]

(4) The fear that a party may be able to "make" evidence for himself at the criminal trial which can be of direct benefit to him financially in a subsequent civil action;[10]

---

1. AS 28.35.030 provides for a fine of not more than $1,000.00, or imprisonment for not more than one year, or both, as punishment for this offense. A second conviction within five years requires a minimum sentence of three days. A subsequent conviction within five years of the second requires a minimum sentence of ten days. In addition, the driver's operator's license is revoked in accordance with AS 28.-15.210(c).

2. Neither the indictment nor the record of conviction are included in the instant record of appeal. The relevant facts are taken from the testimony of Lornell K. Scott and the transcript of the pre-trial conference.

3. The jury assigned 60 percent of the negligence to Wayne Scott and 40 percent to Robertson as the basis for the damages to Wayne Scott. With regard to Lornell Scott's damages, the jury found her 5 percent negligent, her husband 55 percent negligent and Robertson 40 percent negligent. See Kaatz v. State, 540 P.2d 1037, 1049–50 (Alaska 1975).

4. The evidence of the conviction here was not introduced for purposes of impeachment.

5. In Monsma v. Williams, 385 P.2d 107, 110–11 (Alaska 1963), we approved the admission of a conviction, entered on a guilty plea, in a civil

action arising from the same offense. See also, Leavitt v. Gillaspie, 443 P.2d 61, 66 (Alaska 1968).

6. Gray v. Grayson, 76 N.M. 255, 256, 414 P.2d 228, 229 (1966); Brooks v. Daley, 242 Md. 185, 191, 218 A.2d 184, 190 (Md.1966); 5 Wigmore on Evidence, § 1671a at 806–07 (Chadbourn rev. 1974).

7. See Note, "Use of Record of Criminal Conviction in Subsequent Civil Action Arising From the Same Facts as the Prosecution," 64 Mich.L. Rev. 702, 703 (1966); 4 Weinstein's Evidence, ¶ 803(22)[01] at 803–229 (1977). Analytically, the use of a judgment of conviction is hearsay, since it is evidence of assertions made outside the civil trial and offered to show the truth of the matters alleged, deriving its probative value from the credibility and capacity of the absent asserter.

8. McCormick on Evidence, § 318 at 739 (2d ed. 1972).

9. Id.

10. See Comment, "Admissibility of a Criminal Conviction as Proof of Its Facts in a Subsequent Civil Action," 10 St. Louis L. J. 393,

(5) The fact that juries may be unable to comprehend the difference between a prior judgment offered as mere evidence and one offered as conclusive proof of the facts necessarily proved;[11] and

(6) The lack of mutuality of parties.[12]

The trend in recent years, however, has been to admit criminal convictions as evidence in subsequent civil trials where: (1) the prior conviction is for a serious criminal offense;[13] (2) the defendant in fact had a full and fair hearing;[14] and (3) it is

402–04 (1966); Note, "Judgments as Evidence," 46 Iowa L.Rev. 400, 403 (1961).

11. McCormick, *supra*, § 318 at 739. McCormick notes the attendant danger of the parties' tending to rely too heavily on the prior conviction and not introducing sufficient reliable evidence at the second trial. McCormick also points out that it may be difficult to determine what issues a judgment necessarily proves. *See also*, Wigmore, *supra*, § 1671a at 806.

12. For example, the criminal trial represents the state in an adversary posture to the defendant. In a civil case, the defendant is opposed by another private party. This is often based on the common law maxim: "Res inter acta alteri nocere non debet"—a transaction between two parties ought not to operate to the disadvantage of a third. *See* Note, "Admissibility and Weight of a Criminal Conviction in a Subsequent Civil Action," 39 Va.L.Rev. 995, 996–98 (1953). *See* Weinstein, *supra*, ¶ 803(22)[01] at 803–229–30.

13. The Federal Rules of Evidence permit the admission of antecedent convictions for substantive purposes only where they constitute serious offenses. Federal Rule of Evidence 803(22) provides:
HEARSAY EXCEPTIONS; AVAILABILITY OF DECLARANT IMMATERIAL
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(22) *Judgment of previous conviction.* Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the Government in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility.
The proposed Alaska Rules of Evidence omit this section of the Federal Rule 803. Because it is the only omission, appellants argue its great significance. The proposed rules do include an exception in which a prior conviction may be said to fall—Public Records and Reports:
Rule 803. HEARSAY EXCEPTIONS: AVAILABILITY OF DECLARANT IMMATERIAL.

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(h) Public records and reports.—(*l*) To the extent not otherwise provided in (2), records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. . . .

14. In *Hurtt v. Stirone*, 416 Pa. 493, 206 A.2d 624, *cert. denied*, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), the court found a prior conviction of extortion conclusive evidence of the fact of extortion and thus determinative in an action to recover the funds, there being no proof that the conviction was invalid. The court explained:

Defendant has had his day in court and has failed to instill even a reasonable doubt in the collective mind of his then jury. No valid reason exists why he should be given a chance to try his luck with another jury. *Id.* at 626–27.

Several courts have used the fair "day in court" rationale standing alone to admit a conviction if it appears that a defendant is attempting to benefit unjustly at a subsequent civil action. *See Smith v. Andrews*, 54 Ill. App.2d 51, 203 N.E.2d 160 (1964), *cert. denied*, 382 U.S. 1029, 86 S.Ct. 655, 15 L.Ed.2d 543, *reh. denied*, 383 U.S. 954, 86 S.Ct. 1210, 16 L.Ed.2d 216 (1966) (conviction for rape prima facie evidence of that fact and admissible as evidence of statutory "depravity" barring prevention of children's adoption without natural father's consent); *Teitelbaum Furs, Inc. v. Dominion Insurance Co.*, 58 Cal.2d 601, 602–604, 375 P.2d 439, 440–42 (1962), *cert. denied sub nom.*, *Teitelbaum Furs, Inc. v. American Home Insurance Co.*, 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1963) (insured corporation collaterally estopped from recovering where president, as "alter ego," convicted after full trial of conspiracy to commit grand theft, attempted grand theft, and filing of a false and fraudulent insurance claim); *Eagle, Star and British Dominions Ins. Co. v. Heller*, 149 Va. 82, 140 S.E. 314, 323 (1927) (criminal conviction for arson held conclusive proof of that fact, relevant to subsequent insurance claims).

shown that the issue on which the judgment is offered was necessarily decided in the previous trial.[15] We adopt this position for use in Alaska.

The three conditions which we have set forth as prerequisites to the use of a criminal conviction in a subsequent civil case arising from the same set of facts are designed to protect the defendant against the introduction of unduly prejudicial criminal convictions. We first require that the prior conviction be for a serious offense in order that the accused have the motivation to defend himself fully.[16] A driver who pleads guilty to a minor traffic violation may have decided merely that the costs of defending outweigh the burden of having such a conviction on his record. Such a conviction is not credible evidence of guilty conduct. Generally, any offense punishable by imprisonment should be considered to be a serious offense.[17]

The requirement of a full and fair hearing is designed to prevent the introduction of the prior conviction where there is substantial question as to its validity. Normally, a criminal conviction, incorporating

the high burden of proof on the state and the stringent safeguards against violations of due process, should be admissible absent strong showing of irregularity. Generally, no conviction entered without representation of counsel ought to be considered as evidence in a subsequent trial.[18]

The third prerequisite would preclude the use of a conviction where the fact sought to be introduced had not necessarily been determined at the prior trial.

In the present case, we find that the conviction of operating a motor vehicle while under the influence of intoxicating liquor or drugs,[19] a crime for which the legislature has determined a maximum penalty of imprisonment of one year and a fine of $1,000.00 for the first offense, constitutes a serious crime for purposes of the newly-articulated test.[20] In addition, Scott was represented by counsel, and there was no indication that the defendant did not have a full and fair hearing on the prior OMVI charge. As a last consideration, it is clear that the jury necessarily determined that the defendant was operating a motor vehicle while under the influence of an intoxi-

We consider the "day in court" requirement to be a necessary condition but do not find it sufficient in and of itself to protect the defendant adequately.

**15.** The Hawaii Supreme Court, in *Asato v. Furtado*, 474 P.2d 288 (Hawaii 1970), permitted the admission of a careless driving conviction in a subsequent negligence action based on the same set of facts. The rule fashioned by that court would require three elements before a prior judgment could be entered in evidence:

(1) It must be shown that the issue on which the judgment is offered was necessarily decided in the prior trial;

(2) A judgment on the merits must have been rendered;

(3) It must appear that the party against whom the judgment is offered had a full and fair opportunity at the prior hearing to litigate the claim, and especially to contest the specific issue on which the judgment is offered. *Id.* at 293.

**16.** McCormick explains that a defendant might not make the effort to defend himself fully if the penalty were relatively insignificant. McCormick, *supra,* § 318 at 739–40. *See Loughner v. Schmelzer,* 421 Pa. 283, 284, 218

A.2d 768, 769 (Pa.1966). Weinstein also agrees that the possible lack of motivation to defend against minor charges casts doubt on the fairness and reliability of that judgment. Weinstein, *supra,* ¶ 803(22)[01] at 802–233–4.

**17.** The court may consider arguments that in a particular offense, although technically subject to incarceration, the likelihood of such punishment is so remote as not to justify its being considered as a serious offense for this purpose.

**18.** A case where one has not been represented by counsel because of legitimate financial considerations may be distinguished from a case in which a defendant otherwise prefers to act as his own attorney..

**19.** AS 28.35.030.

**20.** This determination differs from that of the Federal Rules of Evidence which permit the introduction of a prior criminal conviction only if punishable "by death or imprisonment in excess of one year . . . ." Rule 803(22). *See* Note 13.

cant; otherwise it could not have returned a verdict of guilty to the charge.[21]

We find no error in the trial court's admission of the prior conviction as evidence of alcoholic influence, and we additionally find that evidence material to the question of negligence.

We further reach the question of whether the conviction to be admitted should be introduced as some evidence of the facts necessarily proved or as conclusive proof of those facts.[22] The main danger of the conclusive use of prior convictions cautioned against by commentators is the risk that the jury may not readily grasp the differences in issues between the prior criminal and subsequent civil cases and may take the prior conviction as presumptive of complete liability in the civil action.[23] Such distinctions, however, are routinely made clear to juries in the form of proper instructions. While a conviction for driving while under the influence of intoxicants, such as in this case, can be conclusive as to the fact of driving while intoxicated, it does not foreclose the jury's ultimate determination

of civil liability. Also, the jury, acting under proper instructions of comparative negligence adopted for use in Alaska in *Kaatz v. State*, 540 P.2d 1037, 1049–50 (Alaska 1975),[24] would still be able to apportion negligence between the plaintiff and the defendant.

There may be some justification for regarding the conviction differently in jurisdictions which do not insure rights to jury trial and to counsel for misdemeanor prosecutions, but a defendant in Alaska is entitled to those rights.[25] Under analogous situations, holdings of a court in prior civil litigation are regarded as conclusive under the doctrine of collateral estoppel.[26] Considering the protections of the defendant and the higher burden placed on the prosecution, there would appear to be even more reason for accepting the results of a criminal conviction.

We see no reason why prior convictions, admitted with the safeguard required above, should not be considered conclusive of the facts necessarily determined.[27] In-

**21.** *See Piesik v. State*, 572 P.2d 94, 97–98 (Alaska 1977), regarding what is necessarily determined in the context of collateral estoppel and double jeopardy.

**22.** This determination does not affect the instant case where the court admitted the conviction only as evidence of driving while intoxicated rather than as conclusive proof of the question.

**23.** Note, 46 Iowa L.Rev. at 403; Note, 39 Va.L. Rev. at 1010; Wigmore, *supra*, § 1671a at 807.

**24.** *See also, State v. Kaatz*, 572 P.2d 775 (Alaska 1977).

**25.** Art. I, § 11 of the Alaska Constitution provides:

> *Rights of Accused.* In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record. The accused is entitled to be informed of the nature and cause of the accusation; to be released on bail, except for capital offenses when the proof is evident or the presumption great; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

*See Walker v. State*, 578 P.2d 1388, (Alaska 1978); *Alexander v. City of Anchorage*, 490 P.2d 910, 913 (Alaska 1971); *Baker v. City of Fairbanks*, 471 P.2d 386, 401–02 (Alaska 1970).

**26.** *See Shepherd v. Bering Sea Originals*, 578 P.2d 587, (Alaska 1978); *State v. Baker*, 393 P.2d 893, 896–97 (Alaska 1964).

**27.** Courts which have decided to admit prior criminal convictions have split on whether to admit them as prima facie evidence or as conclusive. For support of use of convictions as conclusive on facts necessarily determined, *see Breeland v. Security Ins. Co.*, 421 F.2d 918, 923 n.7 (5th Cir. 1969) (Louisiana law); *Austin v. United States*, 125 F.2d 816, 819 (7th Cir. 1942); *Hurtt v. Stirone*, 416 Pa. 493, 495, 206 A.2d 624, 626, *cert. denied*, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965); *Taylor v. Taylor*, 257 N.C. 130, 133, 125 S.E.2d 373, 376 (1962); *Poston v. Home Ins. Co. of New York*, 191 S.C. 314, 315, 4 S.E.2d 261, 262 (1939); *Eagle, Star & British Dominions Ins. Co. v. Heller*, 149 Va. 82, 88, 140 S.E. 314, 323 (1927).

Other courts have decided to admit the convictions only as prima facie evidence, *see Cirillo v. Commissioner of Internal Revenue*, 314 F.2d 478, 482 (3d Cir. 1963); *Stagecrafters' Club, Inc. v. District of Columbia Division of American Legion*, 111 F.Supp. 127, 128–29 (D.D.C. 1953); *Asato v. Furtado*, 474 P.2d at 294;

structions to the jury should include exactly which facts were necessarily determined in the prior conviction [28] and what facts remain for the jury to decide.

## II. ATTORNEY'S FEES

The remaining issue on appeal involves attorney's fees, an issue on which both parties claim error. As mentioned previously, the defendant offered a settlement of $4,000.00 on May 11, 1976. This exceeded the amount of the judgment eventually awarded plaintiffs in the sum of $3,235.00.

The defendant moved for costs and attorney's fees under Civil Rule 68,[29] and submitted bills of costs and an affidavit itemizing attorney's fees totaling $14,053.12 incurred subsequent to the offer of judgment.[30] The court found that the defendant enjoyed the status of "limited prevailing party" under Rule 68 in that the plaintiffs' actual award of $3,235.00 was less than the refused offer of judgment.

The court awarded $1,000.00 to the plaintiffs for fees incurred prior to the offer of settlement, to be set off against the defendant's fees, which were fixed at $5,000.00. With the costs previously fixed,[31] the plaintiffs were responsible for $8,013.00 to be paid to defendant. This would be set off against the jury's award of $3,235.00 to require that the Scotts pay Robertson $4,778.00.

Robertson argues that he should have been granted his actual attorney's fees—$14,053.12. The Scotts argue that the actual award of $5,000.00 to the defendant was excessive.

A party recovering a money judgment is normally awarded attorney's fees in accordance with the schedule of Civil Rule 82 concerning the allowance to the prevailing party.[32] That rule also provides:

Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount. [Civil Rule 82(a)(1)]

However, under Civil Rule 68, an offeree who finally obtains a judgment less favorable than the offer "must pay the costs incurred after the making of the offer." See Davis v. Chism, 513 P.2d 475, 480 (Alaska 1973); Miklautsch v. Dominick, 452 P.2d 438, 440–41 (Alaska 1969). The defendant offered a settlement of $4,000.00 on May 11, 1976, which was refused.[33]

The overall standard of review for an award of attorney's fees is whether the

Smith v. Andrews, 203 N.E.2d at 165; Man Radio & Electricals Ltd. v. Von Cseh, 12 Misc.2d 435, 437, 175 N.Y.S.2d 458, 461 (Sup. Ct.1958); Wolff v. Employers Fire Ins. Co., 282 Ky. 824, 829, 140 S.W.2d 640, 645 (1940); North River Ins. Co. of City of New York v. Militello, 100 Colo. 343, 344, 67 P.2d 625, 626 (1937); Fidelity-Phoenix Fire Ins. Co. of New York v. Murphy, 231 Ala. 680, 684, 166 So. 604, 608 (Ala.), cert. denied, 299 U.S. 557, 57 S.Ct. 19, 81 L.Ed. 410 (1936).

**28.** Weinstein, supra, ¶ 803(22)[01] at 803–237; Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534, 544 (1951).

**29.** Civil Rule 68 provides in part:
Offer of Judgment.
At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . . An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

**30.** The affidavit specified that the total amount of time spent by attorneys and legal interns was 270.75 hours.

**31.** The clerk of court taxed costs of $1,575.86, but additional items were also allowed, bringing the total cost bill to $3,013.00.

**32.** See Haskins v. Shelden, 558 P.2d 487, 496 (Alaska 1976); Patrick v. Sedwick, 413 P.2d 169, 179 (Alaska 1966). The judge computed the amount due to the plaintiffs under Rule 82 at about $500.00, then awarded them $1,000.00 on the grounds that the most time and effort in a plaintiff's case often occurs before any offer is made.

**33.** Plaintiffs' only offer to settle, according to the defendant, was for $37,600.00.

award was "manifestly unreasonable." [34] Another relevant consideration in the review of awards of attorney's fees is that the award is designed to "partially" compensate the prevailing party. This consideration applies to fees awarded under Civil Rule 68. *Irving v. Bullock*, 549 P.2d 1184, 1190 (Alaska 1976); *Jakoski v. Holland*, 520 P.2d 569, 578–79 (Alaska 1974).

The offerees, the Scotts, claim that the award of $5,000.00 as fees to Robertson works an injustice in discouraging litigants with limited resources from pursuing valid claims. But Civil Rule 68 does not stop anyone from filing a lawsuit. It is designed to encourage reasonable settlements after the lawsuit is filed.[35] The sum allowed in this case is sufficiently large for such a purpose and yet is not manifestly unreasonable.

The judgment is AFFIRMED.

BURKE, J., concurs.

RABINOWITZ and MATTHEWS, JJ., not participating.

BURKE, Justice, concurring.

While I concur in the views expressed by my colleagues, I fear that the court's opinion is deficient in one important respect. Under the rule that we have articulated, a conviction can be used as conclusive proof only if it is for a "serious offense." Unfortunately, our holding provides little in the way of guidance for those who will be called upon, in future cases, to determine whether that requirement has been met. This needless uncertainty will undoubtedly return to the place of its birth in the form of additional appeals. The better approach, I believe, would be to take care of the problem here and now. My own view is that we should define the term "serious offense" to include any offense for which imprisonment is a potential sanction.

---

**34.** *Haskins v. Shelden*, 558 P.2d at 495; *Western Airlines, Inc. v. Lathrop Co.*, 535 P.2d 1209, 1217 (Alaska 1975); *Adoption of V. M. C.*, 528 P.2d 788, 795 (Alaska 1974).

**35.** *Miklautsch v. Dominick*, 452 P.2d at 441.