**Larry WIKE, d/b/a Stampede Saloon, Appellant,**

v.

**STATE of Alaska, Appellee.**

**File No. 5185.**

Court of Appeals of Alaska.

Feb. 13, 1981.

John F. Rosie, Whiting & Rosie, Fairbanks, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks and Avrum Gross, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Larry Wike, owner of the Stampede Saloon in Fairbanks, was convicted by a Fairbanks district court jury of selling liquor to a person under nineteen years of age, in violation of former AS 04.15.020(a).[1] On

1. AS 04.15.020 was repealed in 1980. Similar conduct is now prohibited by AS 04.16.052. AS 04.15.020(a) read as follows:

(a) Sale to minors or intoxicated persons. It is unlawful to give, barter or sell any intoxicating liquors, including beer and wine, to a person under the age of 19 years or to an intoxicated person, and it is unlawful for a licensee to permit the giving, selling, bartering or drinking of any intoxicating liquor within the premises covered by a license to or by either of the forbidden classes, nor

September 29, 1978, Billie Jean Johnson, the Stampede bartender, sold two beers to a young soldier, Michael DeSorbo. Johnson testified that she did not ask DeSorbo for proof of age on this occasion, because when she had asked him on earlier occasions, he had produced a military photo identification card indicating he was of legal age. However, when a Fairbanks police officer checking the bar asked DeSorbo for identification, DeSorbo apparently said he was under age or had identification showing he was under age.[2] The officer arrested DeSorbo for being a minor on premises where alcoholic beverages are sold. On November 30, 1978 DeSorbo entered a plea of guilty to that charge.[3]

At Wike's trial the state introduced a copy of DeSorbo's judgment of conviction for minor on premises to prove that DeSorbo was not nineteen as of September 29, 1978.[4] The district court admitted this evidence over Wike's strenuous objections.[5]

Wike appealed his conviction to the superior court. The superior court affirmed his conviction. He has appealed again, raising two major claims: first, that the district court erred in admitting DeSorbo's conviction as evidence of his age; and second, that the court erred in instructing the jury that the bartender's good faith reliance on

DeSorbo's false military identification card did not constitute a defense to the charge.

We have concluded that the district court should not have allowed the state to prove that DeSorbo was under nineteen by introducing his conviction for minor on premises. The United States Supreme Court originally condemned proof of a material element of a crime by introduction of another person's conviction for a related crime in *Kirby v. United States*, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899). Kirby was charged with receiving stolen property of the United States—in that case postage stamps. At Kirby's trial the government proved that the postage stamps possessed by Kirby were stolen by introducing convictions of Wallace, Baxter, and King[6] to show that they had been found guilty of stealing the postage stamps. Kirby was convicted and appealed; the United States Supreme Court reversed. The Court indicated that Kirby had not been able to participate or be represented in the prosecutions of Wallace, Baxter, and King. The Court reasoned that proving the stamps were stolen by introducing the convictions violated Kirby's right to confront the witnesses against him under the Sixth Amendment to the United States Constitution.[7]

shall the licensee permit the drinking of hard or distilled liquors by any person upon the premises covered by his license, unless it is permitted under the classification of his license.

2. The testimony of the police officer was vague on this point.

3. DeSorbo pleaded guilty to a violation of AS 04.15.020(d), repealed in 1980 and now covered by AS 04.16.049. Wike contends that this charge does not apply to minors present on premises where alcoholic beverages are sold. Because of our disposition of this case we do not need to decide if Wike is correct that DeSorbo was mischarged or if Wike could attack the use of DeSorbo's conviction assuming DeSorbo was mischarged. AS 04.15.020(d) read in part as follows:

(d) Presence of minors on premises. It is unlawful to permit a person under the age of 19 years to enter or remain upon licensed premises unless he is accompanied by his parent, guardian or spouse who has attained the age of 19 years. . . .

4. On November 30, 1978, when he entered his guilty plea, DeSorbo stated that he would be nineteen on December 8, 1978. This statement was not introduced at Wike's trial.

5. The state issued a subpoena for DeSorbo, but prior to trial he was apparently court martialed and sentenced to serve his term at Fort Richardson, near Anchorage. The record does not reflect that the state made any effort to secure DeSorbo as a witness other than issuing a subpoena. The subpoena was returned unserved.

6. Wallace and Baxter pled guilty and King was found guilty at a trial.

7. The Sixth Amendment to the United States Constitution reads as follows:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be

The Federal Rules of Evidence follow the *Kirby* reasoning. The Federal Rules provide for an exception to the hearsay rule for the admission of a final judgment of guilt of a felony "but not including, when offered by the Government for purposes other than impeachment, judgments against persons other than the accused." Fed.R.Evid. 803(22).[8] The Advisory Committee notes to the rule explain this exception:

> While these rules do not in general purport to resolve constitutional issues, they have in general been drafted with a view to avoiding collision with constitutional principles. Consequently the exception does not include evidence of the conviction of a third person, offered against the accused in a criminal prosecution to prove any fact essential to sustain the judgment of conviction. A contrary position would seem clearly to violate the right of confrontation.

We find the reasoning of *Kirby* and the provisions of the Federal Rules of Evidence persuasive and rule that it was error to prove DeSorbo's age, a material element of the crime for which Wike was charged, by admitting DeSorbo's conviction in evidence.[9]

Since we are reversing Wike's conviction based upon our disposition of his first point

on appeal, it is unnecessary for us to reach his second point on appeal.

The judgment of conviction is REVERSED.

SINGLETON, J., concurs in the result.

SINGLETON, Judge, concurring in the result.

I concur in the decision to reverse, though my reasoning differs slightly.

Wike argues that the use of the DeSorbo's conviction for violation of AS 04.15.-020(d) at Wike's trial to prove DeSorbo's age violates the hearsay rule and deprived Wike of the right to confront the witnesses against him, guaranteed by the state and federal constitutions (United States Constitution, Amendment VI and Alaska Constitution, Article I, § 11). The court agrees and reverses, citing *Kirby v. United States*, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899).[1] The state defends the admissibility of the conviction, citing three hearsay exceptions: (1) the business records or official records exceptions, *see* Alaska Rules of Evidence 803(6) and 803(8)(a); (2) the declaration against penal interest exception, *see* Rule 804(b)(3); and (3) the catch-all exception for evidence otherwise sufficiently verified, *see* Rules 804(5) and 803(23).

---

confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor and to have the assistance of counsel for his defense.

**8.** The Alaska Rules of Evidence became effective on August 1, 1979, and were therefore not in effect at the time this case was tried. The Alaska Rules of Evidence do not have a section similar to Fed.R.Evid. 803(22). *See* Alaska R.Evid. Commentary 803 at 246–247.

**9.** *Cf. Vandetti v. United States*, 623 F.2d 1144, 1147–48 (6th Cir. 1980).

**1.** I recognize that when *Kirby v. United States* was decided in 1899, the federal courts, in company with the great majority of state courts, did not recognize declarations against penal interest as exceptions to the hearsay rule. *See, e. g., Donnelly v. United States*, 228 U.S. 243, 272–277, 33 S.Ct. 449, 459–467, 57 L.Ed. 820, 832–834 (1913). I also recognize that *Kirby* did note dying declarations, a then recognized exception to the hearsay rule, as not violating the

confrontation clause. Given the change in federal law regarding declarations against penal interest, *Kirby* does not provide a complete answer to the state's arguments. *See* Fed.R. Evid. 804(b)(3) and the United States Supreme Court's treatment of the interplay between the hearsay rule and the constitutional right to confrontation in *California v. Green*, 399 U.S. 149, 155–156, 90 S.Ct. 1930, 1933–1934, 26 L.Ed.2d 489, 495–496 (1970). It is also possible to view *Kirby* as depending more upon the law of judgments, *i. e.*, res judicata and collateral estoppel, than on the law of evidence. *See Dutton v. Evans*, 400 U.S. 74, 98, 91 S.Ct. 210, 224, 27 L.Ed.2d 213, 232 (1970) (concurring opinion of Justice Harlan); J. Wigmore, Evidence § 1079, at 189 (Chadbourn rev. ed. 1974). I do not believe that DeSorbo and Wike are sufficiently in privity that a judgment against the latter should be deemed a judgment against the former. *See Pennington v. Snow*, 471 P.2d 370, at 375–376 (Alaska 1970).

The official and business records exceptions would excuse the absence of the person or persons preparing the record, *i. e.*, the district attorney who prepared the complaint and the judge who signed the judgment, but it would not excuse any DeSorbo statement included therein since the source of the information, DeSorbo's trustworthiness, is not established. *See* Rule 803(8)(b)(v). Where hearsay is included within hearsay, each part must comform with an exception to the hearsay rule. Rule 805. Thus, neither the business records exception or the official records exception is a complete answer to the hearsay objection.

The two other exceptions cited by the state seem equally inapplicable. As the majority points out in its footnote 4, *supra*, no specific declarations by DeSorbo regarding his age were offered in evidence; rather the state sought to prove DeSorbo's "declarations" circumstantially by offering the complaint charging DeSorbo with being under the age of nineteen on premises licensed for the sale of alcoholic beverages. It then offered his conviction to show that DeSorbo pled guilty to the charges in that complaint, inferentially affirming their truth. While a plea of guilty waives all nonjurisdictional defenses, *Oveson v. Municipality of Anchorage*, 574 P.2d 801 (Alaska 1978), *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974), it is not an unambiguous assertion that the facts alleged in the complaint are true. A defendant may plead guilty for a number of reasons other than his belief that he is guilty. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970). This is particularly so where the crime is relatively minor, carries no social stigma, and a substantial sanction is unlikely. *Compare Pennington v. Snow, supra*, with *Scott v. Robertson*, 583 P.2d 188, 191–192 (Alaska 1978). It is true that the trial court should not accept a guilty plea without assuring itself that there is a factual basis for that plea, *see North Carolina v. Alford, supra*, but the two documents introduced in evidence do not establish that such an inquiry took place, or if it did that the information furnished was sufficiently verified to satisfy the hearsay rule.

Consequently, I do not believe that the complaint, coupled with the conviction, constituted a sufficient foundation to support an inference that DeSorbo made a declaration against penal interest. I therefore agree with the majority that the two documents were not admissible as an exception to the hearsay rule.[2] Consequently, I do not find it necessary to determine whether a declaration of DeSorbo which would qualify as against his penal interest would satisfy Wike's confrontation rights if used at the latter's trial.

For the same reason, I do not believe the evidence is sufficiently verified to satisfy the requirements of Rule 804(5) and 803(23). I therefore concur in the judgment of the court.

2. I find it unnecessary to determine (1) the extent to which hearsay exceptions in general satisfy the confrontation clauses of the state and federal constitutions, *see California v. Green, supra,* and *Ohio v. Roberts,* —— U.S. ——, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); (2) whether the declaration against penal interest exception to the hearsay rule specifically satisfies the confrontation clause, *compare People v. Kennedy,* 166 Cal.Rptr. 456 (Cal.App.1980) *with Jacobs v. State,* 45 Md.App. 634, 415 A.2d 590 (1980); (3) whether the state established a sufficient good faith attempt to present DeSorbo at Wike's trial to establish his unavailability for purposes of the hearsay rule, *see Rule 804(a)(5),* or the perhaps more stringent requirements of unavailability of the confrontation clause, *see Ohio v. Roberts, supra, Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972) and especially *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); and (4) whether hearsay admitted pursuant to an exception satisfies the confrontation clause even though the evidence admitted is central to the prosecution's case, *see People v. Kennedy, supra,* and *compare Ohio v. Roberts, supra, with Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).