**Michael LAMB, Petitioner,**

v.

**Jeffrey ANDERSON, Respondent.**

**No. S–11936.**

Supreme Court of Alaska.

Dec. 22, 2005.

Before: BRYNER, Chief Justice, and
MATTHEWS, EASTAUGH, FABE, and
CARPENETI, Justices.

## ORDER

Petition for Review.

IT IS ORDERED:

1. This appeal involves a civil plaintiff's effort to invoke collateral estoppel against a civil defendant who had previously pled no contest to a criminal charge. Michael Lamb was seriously injured on June 14, 2003 when Jeffrey Anderson, while driving drunk, crashed his pickup into Lamb's motorcycle. Anderson pled no contest to assault in the second degree, failing to render assistance, and driving under the influence and was sentenced to nearly seven years in prison. Chemical tests showed that Anderson was intoxicated at a level over three times the legal limit.[1]

2. Lamb filed suit against Anderson on October 29, 2003. Later in the proceeding Lamb moved for partial summary judgment as to liability for punitive damages, arguing that Anderson's conviction for assault in the second degree conclusively established Anderson's recklessness for the purposes of punitive damages. The superior court denied the motion. After Lamb's motion for reconsideration was denied, Lamb filed this petition for review, which we granted, limited to the following two questions:

(1) Is a civil defendant who has entered a no contest plea to a criminal charge collaterally estopped by the resulting conviction from denying the essential elements of the offense in a resulting civil action?

---

1. Anderson had a blood alcohol content of 286 mg/dl; the legal limit is 80 mg/dl. AS 28.35.033(a)(3).

(2) Is Anderson collaterally estopped by the conviction resulting from his no contest plea to assault in the second degree from denying AS 09.17.020(b)(2)'s threshold requirement for a punitive damages award that he "evidenced reckless indifference to the interest of another person"?

We answer both questions in the affirmative.

■■■■  3.  We extend the rule of *Scott v. Robertson*[2] and *Howarth v. State*[3] to civil defendants.[4]  A civil defendant who has pled no contest to a serious criminal offense is collaterally estopped, in the civil case, from disputing the essential elements of the offense.  As we stated in *Howarth*, "all felonies are serious offenses" for the purposes of this rule.[5]

■■■  4.  Anderson is collaterally estopped by his assault conviction from contesting recklessness as defined in AS 11.41.210(a)(2).  The assault conviction establishes that Anderson "recklessly cause[d] serious physical injury to another person."[6]  Recklessness for the purposes of assault is defined to include being "aware of and consciously disregard[ing] a substantial and unjustifiable risk that the result will occur or the circumstance will exist."[7]  This standard is at least as broad as the standard for punitive damages, which requires a showing that the tortfeasor "evidenced reckless indifference to the interest of another person."[8]

5.  Anderson is therefore estopped from denying recklessness under AS 09.17.020(b).  That Anderson is estopped from denying recklessness under AS 09.17.020(b) means that Lamb is eligible for punitive damages rather than that punitive damages must be imposed.  The inquiry under AS 09.17.020(c) remains open and the superior court must instruct the jury on the factors identified in that statute.  Because AS 09.17.020(b) provides that the jury "may" award punitive damages under AS 09.17.020(c) once reckless indifference has been proved, the court should also instruct the jury that the inquiry under AS 09.17.020(c) permits, but does not require, an award of punitive damages.

6.  For these reasons we **REVERSE** the judgment of the superior court and **REMAND** for further proceedings consistent with this Order.

7.  A full opinion will follow.  We issue this order now to accommodate the scheduled trial date of January 9, 2006.

2.  583 P.2d 188 (Alaska 1978).

3.  925 P.2d 1330 (Alaska 1996).

4.  *See also Pletnikoff v. Johnson*, 765 P.2d 973, 977 (Alaska 1988) (Matthews, C.J., dissenting); *Burcina v. City of Ketchikan*, 902 P.2d 817, 822 (Alaska 1995); *Lashbrook v. Lashbrook*, 957 P.2d 326, 330 n. 2 (Alaska 1998); *Richard B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 71 P.3d 811, 832 (Alaska 2003).

5.  *Howarth*, 925 P.2d at 1334.

6.  AS 11.41.210(a)(2).

7.  AS 11.81.900(3).

8.  AS 09.17.020(b).