Raymond J. Smith and Rosemarie A. Smith, Petitioners-Appellees, v. Harold Lee Andrews, Craig Patrick Andrews, by His Guardian ad Litem, and Marilyn Ann Andrews, by Her Guardian ad Litem, Defendants, Harold Lee Andrews, Appellant.

**Gen. No. 11,891.**

Second District.

December 15, 1964.

Rehearing denied January 8, 1965.

Lawrence A. Barden, Gerald F. Tuite, and John R. Snively, all of Rockford, for appellant.

Alford R. Penniman, of Rockford, for appellee.

MORAN, J.

The Illinois Adoption Statute, Ill Rev Stats ch 4, Secs 9.1–8, 9.1–1 (1961), provides that one of the grounds for the adoption of children without the consent of a natural parent is the unfitness of such parent by reason of "depravity." This is a case in which the lower court found that the defendant, Harold Lee Andrews, was an "unfit parent," by reason of "depravity," and entered a decree allowing the two minor children of the defendant to be adopted by the plaintiffs, Rosemarie A. Smith, who is the natural mother of the children and the former wife of Andrews, and Raymond J. Smith, her new husband.

The verified adoption petition alleged that the defendant had been convicted of the crime of robbery on November 12, 1959, and that he had received a sentence of one to seven years in the penitentiary. The petition further alleged that on January 27, 1960, the defendant had been found guilty of the crime of forcible rape, for which he received a sentence of ten years in the penitentiary, to run concurrently with the sentence on the robbery conviction. The petition sets forth in detail the docket numbers of these criminal cases, the dates involved and other pertinent information sufficient to identify the criminal proceedings. The petition went on to allege that, by reason of said convictions, the defendant was "depraved" within the meaning of the adoption statute.

53

The defendant filed a verified answer to the petition, in which he denied all material allegations, including the allegations concerning his alleged convictions for these crimes.

At the trial of this cause, the plaintiffs called as a witness a deputy clerk of the Circuit Court of Winnebago County. He brought with him the records of case number 9760. He testified that the name of that case was "People of the State of Illinois v. Harold Lee Andrews," that it was a proceeding by information (indictment having been waived) and that the charge was robbery and larceny from the person. He further testified that the record showed there had been a plea of guilty, a judgment of conviction on November 12, 1959, and a sentence of from two to seven years. This witness also had the court records in case number 9787. He testified that the caption of that case was "People of the State of Illinois v. Harold Lee Andrews" and that it was an indictment for forcible rape and assault with intent to commit rape. He testified that the record showed a plea of not guilty, a trial by jury commencing on January 25, 1960, and a verdict of the jury, returned on January 27, 1960, finding the defendant guilty of forcible rape and fixing his punishment at ten years in the penitentiary. The clerk further testified that the record showed that a motion for a new trial was filed, heard and denied; that a judgment of conviction was entered on February 11, 1960, and that the court imposed a sentence of ten years, to run concurrently with the sentence in case number 9760.

The court records themselves were not introduced into evidence. The defendant objected to the testimony of the clerk on the basis that "The substance and forms of questions and the materiality of the questions, I feel, are not admissible and are questionable in this case. This is a question of adoption and

I think whatever proof they are attempting to bring in, should be brought in not through a method of conviction, but through some other method."

The plaintiff Rosemarie Smith testified that when she went to visit the defendant at the penitentiary, he would never say anything about what they were going to do as a family, but always talked about his intention to rob the Sublette Bank and "get the jury, the judge and the cops" when he got out. She admitted that the defendant had, prior to his convictions, been a pretty fair supporter and had always taken care of the children pretty well. She further conceded that he loved the children.

The only allusion to the robbery and rape convictions, aside from the testimony of the clerk, was an inquiry of the defendant on cross-examination as to why he had robbed the man and how much money he had taken from him. He answered that he had been drinking and did not remember how much money he obtained. No other evidence was introduced concerning the circumstances of the robbery, and there is no evidence in the record concerning the rape other than the testimony of the deputy clerk described above.

 The defendant contends, first of all, that the evidence of the deputy clerk was inadmissible to show the fact of the convictions. He argues that the best evidence rule requires that the court records themselves, rather than the testimony of the clerk, be offered to show the convictions. The defendant misunderstands the purpose and application of the best evidence rule. In a civil case, the fact of a previous criminal conviction can be shown in a variety of ways, including, but not limited to, the introduction of the court records pertaining to the conviction. It was the judgment of conviction, and not the existence or import of the court records, which the plain-

tiffs were attempting to prove in this case. Thus, the best evidence rule—which is limited to the proof of the contents of documents, Steward v. Bartley, 5 Ill App2d 208, 213, 124 NE2d 899 (3rd Dist 1955)—did not apply. It is true that, since it appears the clerk was merely reading from the documents, the proper procedure would have been to introduce the documents before the clerk was allowed to recite from them. What happened in this case, apparently, is that the witness was allowed to read from documents which were not in evidence. However, the defendant made no objection on this ground, nor, for that matter, did he object on the basis of the best evidence rule which he urges here. The objection he did make, which we have quoted above, was so general, and, in our view, meaningless, that it failed to preserve anything at all. Accordingly, no error can be predicated on the testimony of the deputy clerk.

We feel it is not inappropriate to digress at this point to wonder why, by the time the case came to trial, there was any issue remaining as to the fact of the defendant's convictions. The convictions were alleged with particularity in a verified petition. From our review of the record, we find nothing to indicate the slightest doubt that the defendant was in fact convicted in the manner and for the crimes set forth in the petition. He was brought from the penitentiary on a writ to testify in this cause. So far as we know, he is still there. At no time during the trial of the case did he deny that he had been convicted of robbery and rape in the manner alleged, and, as indicated, the question of his motive for the robbery was touched upon briefly during his cross-examination. In view of this, we find it difficult to understand how the defendant could have filed a verified answer to the petition, *denying* each and every allegation concerning his convictions and subsequent incarceration. We are

56

equally at a loss to understand how his attorney could have prepared such an answer for his signature. Perhaps there is something here that does not meet the eye, but we cannot imagine what it would be.

Defendant's next point is that proof of his convictions is not admissible to prove the facts upon which the convictions were based. The defendant argues, in other words, that proof of his conviction for robbery does not show that he committed a robbery, proof of his conviction for rape does not show that he was, in fact, guilty of rape. If the defendant is right about this, then, of course, there is no evidence in the record to support the finding of "depravity." This is not a case where the material question is whether the defendant had been convicted of a crime, as where such conviction is relied upon as a statutory ground for divorce. The question here, rather, is whether the defendant actually committed the crimes of robbery and rape.

Although the plaintiffs had the defendant available for adverse examination, they chose for some reason not to ask him anything about these crimes, other than the brief inquiry mentioned above concerning his motive for the robbery and how much money he obtained in the robbery. He was not asked anything about the circumstances of the robbery and the rape was never even mentioned. As already indicated, the plaintiffs did not call any other witnesses to testify to any facts concerning either of the crimes for which the defendant was convicted.

■ ■ We note at the outset that there is a distinction between the evidence of the defendant's conviction for the robbery and that of his conviction for the rape. He entered a plea of guilty to the robbery, and it is well settled that such a plea of guilty is an admission which may be received against him in a subsequent proceeding. Galvan v. Torres, 8 Ill App

2d 227, 232, 233, 131 NE2d 367 (2nd Dist 1956). The evidence of this admission would be sufficient, especially when uncontradicted, to support the finding that the defendant had in fact committed a robbery. The plea to the rape charge, however, was "not guilty." There is no admission involved there. The only thing that could be used against the defendant would be the conviction itself. We are thus squarely presented with the question of whether the conviction on a plea of not guilty should be admissible as evidence that the defendant did in fact commit the offense for which he was convicted.

In the case of Gould v. Country Mut. Cas. Co., 37 Ill App2d 265, 185 NE2d 603 (2nd Dist 1962) this court reviewed the authorities from this and other jurisdictions and held that the law in this State is that a conviction in a criminal case is not admissible in a later civil proceeding to establish the facts on which the conviction was based. The court referred to the authorities for the opposite rule as "quite persuasive," (37 Ill App2d at 282), but nonetheless declined to follow them. A similar result was reached in Cammarino v. Gimino, 234 Ill App 556 (1st Dist 1924). There, the court suggested several reasons for the rule (234 Ill App 556) but went on to say that, "whether such reasoning is entirely sound, we are not sufficiently convinced to be dogmatic about it. Inasmuch, however, as the principle has been recognized so often, and frequently announced in many jurisdictions as an unqualified canon of the law of evidence, we feel it is more in the interest of exact justice, if not of expediency, to err in its recognition and apply it here than to repudiate it." There was a dissenting opinion by Mr. Justice Thomson (234 Ill App at 563–572) which we find considerably more persuasive than the majority opinion.

58

We find no ruling by the Supreme Court of this state to the effect that a judgment of conviction is inadmissible in a later civil case. The two leading cases in this State appear to be the Gould and Cammarino cases which we have just cited. Extensive annotations on this subject will be found in 18 ALR 2d 1287, supplementing 31 ALR 261. While the majority of jurisdictions still favor the exclusionary rule, a number of the more recent decisions have permitted a judgment of conviction to be shown, not as conclusive evidence of the commission of the offense, but as prima facie evidence of the facts underlying the conviction.

We feel the time has come to relax the rule of exclusion in this State. Before attempting to announce the rule which we feel should govern a case of this type, we feel it is appropriate to point out what is *not* involved here. First, we are not dealing with an attempt to introduce a judgment of acquittal in a previous criminal case. Since an acquittal might merely mean that the offense was not proved beyond all reasonable doubt, the acquittal is of no relevance in a civil proceeding where the facts need only be proved by the greater weight of the evidence. Many of the cases which are cited for the proposition that a judgment in a criminal case may never be introduced in a later civil case based on the same facts are cases involving judgments of acquittal. We agree with the result reached in these cases, but they are clearly distinguishable from the case where an offer is made to show a judgment of conviction. Secondly, we are not dealing here with a case where one party offers to prove that someone not a party to the civil suit was convicted in a criminal case. In such event, the party against whom the judgment of conviction is offered was not a party to the criminal case, and obviously should not be bound by anything which occurred in

59

the criminal case. These distinctions are pointed out in numerous cases cited in the ALR annotations mentioned, and the dissenting opinion of Mr. Justice Thomson in the Cammerino case points out that many of the authorities cited for the broad exclusionary rule involved one or the other of these two situations.

The defendant in this case had previously been indicted by a grand jury for the crime of forcible rape, a serious felony. He appeared in court with counsel and entered a plea of not guilty. Sometime later, he went to trial before a jury. The trial lasted several days. He was presumed innocent in that case until proven guilty beyond a reasonable doubt. He had an opportunity to cross-examine the witnesses against him. He had the right to call witnesses in his behalf and to testify himself if he elected to do so. He could be found guilty only by the unanimous verdict of twelve jurors. After his conviction, he filed a post trial motion, which was heard and denied. He had the opportunity to appeal his conviction, but did not do so. Thus, the defendant here was party to a previous proceeding in which certain facts were adjudicated against him under conditions considerably more favorable to him, in terms of procedural safeguards and the quantum of evidence required, than those he would encounter in any later civil proceeding. Why should not that adjudication be admissible against him in the later civil proceeding? We have studied the authorities in an effort to find a good reason, and we have found none. It is said that the parties are different in the civil case than they were in the earlier criminal case. Conceding this to be true, what difference does it make, in terms of fairness to the defendant? The fact that the plaintiffs were not parties to the criminal case is, we think, completely beside the point. The important question is whether the party against whom a conviction is offered was

the party convicted in the earlier proceeding. We think the only time the dissimilarity of parties would be important would be in the case where the result of the criminal case were offered in evidence against someone other than the person convicted.

We find expressions in some of the authorities to the effect that the conviction should not be admissible in evidence in the civil case because the procedures in the two types of cases are different. We agree that they are different, but the differences lie in the greater safeguards provided for the defendant in a criminal case. Thus, as we have pointed out, the differences in procedure weigh in favor of admissibility rather than against it.

■ We are not inclined to go so far as to hold that a judgment of conviction should be conclusive in a later civil proceeding, although, in strict logic, we can see merit to the view that it should be. However, to insure that no inequity will result, we think that the opportunity for rebuttal should be left open. We do hold, however, that this defendant's conviction for rape was properly admissible as prima facie evidence that he did, in fact, commit a forcible rape upon a female. The case of Gould v. Country Mut. Cas. Co., supra, to the extent that it is inconsistent with this opinion, is overruled.

We have taken pains to point out the nature of the proceeding which resulted in the defendant's conviction, because the nature of the proceeding has an important bearing upon the admissibility of the conviction in a later case. From what we know about the steps which led to the conviction, there is every reason to believe that the conviction was a just result of the adversary process. The charge was a serious one, and the defendant, facing a serious penalty in the event of conviction, obviously had every incentive to make a vigorous defense. He was represented by coun-

sel. He was tried by a jury. While we do not say that all of these elements must necessarily be present in order for the conviction to be admissible, we would not want our decision in this case to be interpreted as a holding that every conviction following a plea of not guilty is admissible in evidence in a later case involving the facts upon which the conviction is based. We agree to the observation of Mr. Justice Thomson in his Cammarino dissent (234 Ill App at 570) to the effect that "It would seem to be impossible to lay down a general rule on this proposition which would be applicable to all situations." For example, our holding in this case would not be authority for the admissibility of a traffic court conviction in a later civil case arising out of a traffic accident. Defendants in traffic cases are frequently unrepresented by counsel, and the proceedings are relatively informal. In view of the comparatively modest penalty a defendant faces on a judgment of conviction, the charge is rarely contested with the vigor that characterizes the adversary system at its best.

■ It follows, therefore, that the defendant's convictions for robbery and rape were admissible in evidence in this proceeding if they were relevant to some issue involved in the proceeding. One of the issues was whether or not the defendant was an unfit parent by reason of being "depraved." Our Supreme Court has adopted a definition of "depravity" as "an inherent deficiency of moral sense and rectitude." Stalder v. Stone, 412 Ill 488, 498, 107 NE2d 696 (1952). The fact that defendant had committed a robbery and a forcible rape is obviously relevant to the question of whether he had an inherent deficiency of moral sense and rectitude.

■ ■ The defendant's final contention is that the evidence is insufficient to support the finding of

depravity. We wish that there had been more evidence concerning the circumstances of the robbery and the rape. Plaintiffs put in the bare minimum in the way of evidence in this case, and their cursory presentation makes our decision a difficult one. However, we also consider the fact that the defendant did not offer any evidence of mitigating circumstances concerning the serious crimes of which he was convicted and the trial court was certainly not bound to assume that there were any. Indeed, we can conceive of no circumstances which would mitigate the crime of forcible rape. We think the trial court could properly find that one convicted of that crime is inherently deficient in moral sense and rectitude. We must also assume that the trial court believed the testimony of Rosemarie Smith to the effect that the defendant spoke of his plans to rob a bank and "get the judge, the jury and the cops" when he is released.

The decree of the lower court is affirmed.

Affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.