2015 IL App (4th) 141055

NO. 4-14-1055

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| LANE WALTON, | ) | Appeal from |
|      Petitioner-Appellee, | ) | Circuit Court of |
|      v. | ) | Sangamon County |
| THE ILLINOIS STATE POLICE and HIRAM GRAU, | ) | No. 14MR256 |
| Director of the Illinois State Police, | ) | |
|      Respondents-Appellants. | ) | Honorable |
| | ) | John W. Belz, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court, with opinion.
Presiding Justice Pope and Justice Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1　　　　Pursuant to section 10 of the Firearm Owners Identification Card Act (FOID Act) (430 ILCS 65/10 (West 2014)), petitioner, Lane Walton, filed a petition against respondents, the Illinois State Police and its director Hiram Grau, seeking a hearing on the revocation of his firearm owner's identification (FOID) card.  After an evidentiary hearing, the Sangamon County circuit court reversed the Illinois State Police's revocation of petitioner's FOID card and found petitioner was eligible for a FOID card.

¶ 2　　　　Respondents appeal, asserting (1) federal law prohibits petitioner from possessing a firearm and thus he is ineligible to receive a FOID card under Illinois law and (2) the circuit court lacked statutory authority to remove a federal firearm disability and order respondents to issue petitioner a FOID card.  We reverse.

¶ 3　　　　　　　　　　　　　　　I. BACKGROUND

¶ 4        In June 1991, Amy Walton charged petitioner with battery, alleging that petitioner, without legal justification, knowingly caused her bodily harm, in that he threw her onto a concrete porch, then grabbed her by the hair and pulled her head back and slammed it onto the concrete porch. Walton v. Walton, No. 91-CM-1176 (Sangamon Co. Cir. Ct.). In that same case, Amy also filed a verified petition for order of protection against petitioner, which listed petitioner as her spouse. On February 6, 1992, petitioner pleaded guilty to the battery charge and was ordered to pay court costs and restitution for Amy's medical expenses. The circuit court also entered a plenary order of protection barring petitioner from contact with Amy and Angela Grady. In July 1991, the State charged petitioner with violation of an order of protection, contending he violated the order of protection in case No. 91-CM-1176 by harassing Amy's family member, Grady. People v. Walton, No. 91-CM-1219 (Sangamon Co. Cir. Ct.). After an August 1991 bench trial, the Sangamon County circuit court found petitioner guilty. On February 6, 1992, the court ordered petitioner to pay a $200 fine.

¶ 5        According to Illinois State Police records, petitioner had the following FOID cards before the one at issue in this case: one that expired in September 1980, one that expired in September 1986, and two that expired in September 1992. In April 2011, the Illinois State Police received a FOID card application from petitioner, and it issued petitioner FOID card No. 24890437 on April 12, 2011, with an expiration date of April 1, 2021. On February 10, 2014, the Illinois State Police revoked petitioner's FOID card No. 24890437 due to his 1991 battery conviction.

¶ 6        On April 11, 2014, defendant brought his petition requesting a hearing on the Illinois State Police's revocation of his FOID card. In his petition, petitioner did not raise a constitutional challenge to the FOID Act. In May 2014, an assistant Sangamon County State's

Attorney entered his appearance on behalf of the Sangamon County State's Attorney's Office. That same month, respondents and the State's Attorney filed a joint motion to dismiss petitioner's petition, which the circuit court denied in July 2014.

¶ 7         On September 29, 2014, the circuit court held an evidentiary hearing on petitioner's petition. Petitioner testified on his own behalf and presented the testimony of his daughter, Kim Walton, and his son, Brian Walton. Petitioner explained the facts surrounding his 1991 criminal cases and denied being a violent person. Kim and Brian also testified as to their father's nonviolent nature. Additionally, petitioner presented numerous letters from acquaintances attesting to his good character and a letter from his doctor stating, petitioner "will not be likely to act in a manner dangerous to public safety and granting the return of his FOID card will not be contrary to the public interest." Respondents and the State presented documents relating to petitioner's 1991 criminal cases.

¶ 8         On October 30, 2014, the circuit court entered a docket entry reversing the Illinois State Police's revocation of petitioner's FOID card. The court concluded that, based on the totality of the circumstances, petitioner would not be likely to act in a manner dangerous to public safety and granting him relief would not be contrary to public safety. We note that, on appeal, respondents do not challenge the aforementioned findings. The court declared petitioner eligible for a FOID card.

¶ 9         Under Illinois Supreme Court Rule 373 (eff. Dec. 29, 2009) and Rule 12(b)(3) (eff. Jan. 4, 2013), respondents filed a timely notice of appeal on December 1, 2014. The notice of appeal was in sufficient compliance with Illinois Supreme Court Rule 303 (eff. May 30, 2008). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 10                                    II. ANALYSIS

¶ 11          On appeal, respondents assert federal law prohibits petitioner from possessing a firearm, and thus the circuit court did not have the statutory authority to order respondents to issue petitioner a FOID card. The issues raised in this appeal present questions of law, and thus our review is *de novo*. See *American Federation of State, County & Municipal Employees, Council 31 v. Illinois State Labor Relations Board, State Panel*, 216 Ill. 2d 569, 577, 839 N.E.2d 479, 485 (2005) ("Questions of law are reviewed *de novo*.").

¶ 12                              A. Disqualifying Conviction

¶ 13          The first issue is whether petitioner's 1991 battery conviction is one for which respondents can revoke a FOID card under the FOID Act.

¶ 14          Section 8(n) of the FOID Act (430 ILCS 65/8(n) (West Supp. 2013)) allows the Illinois State Police to revoke a person's FOID card when the person "is prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law." In this case, respondents revoked petitioner's FOID card because he was prohibited from possessing a firearm under section 922(g)(9) of the Gun Control Act of 1968 (18 U.S.C. § 922(g)(9) (2006)), which makes it unlawful for a person "who has been convicted in any court of a misdemeanor crime of domestic violence[] to *** possess in or affecting commerce, any firearm or ammunition." The aforementioned provision is known as the Lautenberg Amendment (Pub. L. No. 104-208, 110 Stat. 3009 (1996)). Section 921(a)(33) of the Gun Control Act of 1968 (18 U.S.C. § 921(a)(33) (2006)) sets forth what constitutes the " 'misdemeanor crime of domestic violence.' " Petitioner concedes the battery charge, to which he pleaded guilty, meets the definition of a misdemeanor crime of domestic violence for the purposes of the Lautenberg Amendment. However, citing *Hengels v. Gilski*, 127 Ill. App. 3d 894, 910, 469 N.E.2d 708, 721

(1984), he argues his guilty plea with no jail time and no fine should not be considered a conviction for purposes of the Lautenberg Amendment and the FOID Act.  Respondents disagree.

¶ 15      Section 921(a)(20) of the Gun Control Act of 1968 (18 U.S.C. § 921(a)(20) (2006)), which superseded the Supreme Court's decision in *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103 (1983), states, in pertinent part, the following:

>          "What constitutes a conviction of such a crime shall be
>          determined in accordance with the law of the jurisdiction in which
>          the proceedings were held.  Any conviction which has been
>          expunged, or set aside or for which a person has been pardoned or
>          has had civil rights restored shall not be considered a conviction
>          for purposes of this chapter, unless such pardon, expungement, or
>          restoration of civil rights expressly provides that the person may
>          not ship, transport, possess, or receive firearms."

Under Illinois law, section 2-5 of the Criminal Code of 2012 (720 ILCS 5/2-5 (West 2014)) and section 5-1-5 of the Unified Code of Corrections (730 ILCS 5/5-1-5 (West 2014)) both define "conviction" as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury."  The aforementioned definition does not exempt guilty pleas where the defendant did not receive a jail sentence or a fine.

¶ 16      As stated, petitioner cites *Hengels*, 127 Ill. App. 3d at 910, 469 N.E.2d at 721, in support of his assertion his guilty plea cannot be the basis for denying him a FOID card.  The *Hengels* court addressed the applicability of the exception to the hearsay rule first created in

*Smith v. Andrews*, 54 Ill. App. 2d 51, 203 N.E.2d 160 (1964), to traffic court convictions. *Hengels*, 127 Ill. App. 3d at 906-07, 469 N.E.2d at 719. The *Smith* court had found that, under certain circumstances, "proof of a conviction may be admitted into evidence at a subsequent civil trial to prove the facts upon which the conviction was based." *Hengels*, 127 Ill. App. 3d at 906-07, 469 N.E.2d at 719 (citing *Smith*, 54 Ill. App. 2d at 61-62, 203 N.E.2d at 165-66). In finding the exception to the hearsay rule did not apply to traffic court convictions, the *Hengels* court noted the nature of the proceedings that result in traffic convictions do not provide adequate reliability for their admission in a later civil case. *Hengels*, 127 Ill. App. 3d at 910, 469 N.E.2d at 721. Petitioner contends the nature of his guilty plea to battery is analogous to the traffic court convictions addressed in *Hengels*. While the nature of a traffic court conviction may be similar to what transpired with petitioner's battery conviction, the *Hengels* decision did not imply the traffic conviction was not a "conviction" as defined by the laws of the State of Illinois.

¶ 17    Here, petitioner does not argue or cite any authority the definition of "conviction" set forth twice in Illinois criminal statutes does not apply to his conviction. We note the language of section 921(a)(20) that leaves the states to define "conviction" for purpose of the Gun Control Act of 1968 has been in effect since 1986 (see Firearms Owners' Protection Act, Pub. L. No. 99-308, §§ 102, 104, 100 Stat. 449 (1986)), and the Illinois legislature has yet to change the state's definition of "conviction" to address the concerns about misdemeanor convictions raised by petitioner.

¶ 18    Accordingly, we find petitioner's 1991 battery conviction is a misdemeanor crime of domestic violence as defined in section 921(a)(33) of the Gun Control Act of 1968, and thus petitioner is prohibited from possessing a firearm under section 922(g)(9) of the Gun Control Act of 1968. Now, we must address what that situation means under the FOID Act.

¶ 19                              B. FOID Act

¶ 20          Respondents assert the current version of the FOID Act applies to petitioner's

petition and, under that language, the circuit court did not have statutory authority to reverse

respondents' revocation of petitioner's FOID card.  Petitioner does not disagree the current

version of the FOID Act applies but asserts our supreme court's decision in *Coram v. State of*

*Illinois*, 2013 IL 113867, ¶ 75, 996 N.E.2d 1057, allows for statutory review to remove the

federal firearm disability.  This issue presents a matter of statutory construction.

¶ 21          The fundamental rule of statutory construction requires courts to ascertain and

give effect to the legislature's intent.  *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 180, 950

N.E.2d 1136, 1146 (2011).  The statutory language, given its plain and ordinary meaning, best

indicates the legislature's intent.  *Pappas*, 242 Ill. 2d at 180, 950 N.E.2d at 1146.  In interpreting

a statutory provision, courts evaluate the statute as a whole, "with each provision construed in

connection with every other section."  *Pappas*, 242 Ill. 2d at 180, 950 N.E.2d at 1146.  When the

statutory language is clear and unambiguous, a court must give effect to the statute's plain

meaning without resorting to extrinsic statutory-construction aids.  *Pappas*, 242 Ill. 2d at 180,

950 N.E.2d at 1146.

¶ 22          Section 10(a) of the FOID Act (430 ILCS 65/10(a) (West 2014)) provides that,

when a person's FOID card has been revoked and the revocation was based on a domestic

battery, the person may petition the circuit court in writing in the county of his or her residence

for a hearing upon such revocation.  Section 10(b) of the FOID Act (430 ILCS 65/10(b) (West

2014)) then addresses what should take place during the circuit court proceedings and states the

following:

          "At least 30 days before any hearing in the circuit court, the

petitioner shall serve the relevant State's Attorney with a copy of the petition. The State's Attorney may object to the petition and present evidence. At the hearing the court shall determine whether substantial justice has been done. Should the court determine that substantial justice has not been done, the court shall issue an order directing the Department of State Police to issue a Card. *However, the court shall not issue the order if the petitioner is otherwise prohibited from obtaining, possessing, or using a firearm under federal law.*" (Emphasis added.)

Section 10(c) of the FOID Act (430 ILCS 65/10(c) (West 2014)) addresses petitions for review when a person is prohibited from acquiring a FOID card under section 8 of the FOID Act (430 ILCS 65/8 (West Supp. 2013)). It also provides the circuit court can grant relief only if the following can be established to the court's satisfaction:

"(0.05) when in the circuit court, the State's Attorney has been served with a written copy of the petition at least 30 days before any such hearing in the circuit court and at the hearing the State's Attorney was afforded an opportunity to present evidence and object to the petition;

(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that

conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(3) granting relief would not be contrary to the public interest; and

(4) *granting relief would not be contrary to federal law*."

(Emphasis added.) 430 ILCS 65/10(c) (West 2014).

¶ 23    The plain language of the sections 10(b) and 10(c) of the FOID Act at the time of the proceedings in this case prohibits the circuit court from granting relief from the revocation when such revocation is based on the petitioner being barred from obtaining, possessing, or using a firearm under federal law. The Second District has reached the same interpretation of the 2013 amendments to the FOID Act. See *People v. Frederick*, 2015 IL App (2d) 140540, ¶ 28 ("[A]s amended in 2013, the FOID Act forbids courts from ordering the issuance of a FOID card if the person seeking the card is prohibited from obtaining or possessing a gun under federal law."); see also *O'Neill v. Director of the Illinois Department of State Police*, 2015 IL App (3d) 140011, ¶ 31, 28 N.E.3d 1020 ("The [FOID] Act prohibits the court from granting relief where doing so would be contrary to federal law.").

¶ 24    As to the *Coram* case, cited by petitioner, we note that case addressed the prior version of the FOID Act. See *Coram*, 2013 IL 113867, ¶ 74, 996 N.E.2d 1057. Moreover, while the lead opinion in *Coram* addressed the 2013 amendments (*Coram*, 2013 IL 113867, ¶ 75, 996 N.E.2d 1057), those comments were *dicta* and a majority of the court did not agree with that

*dicta*. See *Coram*, 2013 IL 113867, ¶ 101, 996 N.E.2d 1057 (Burke, J., specially concurring, joined by Freeman, J.); *Coram*, 2013 IL 113867, ¶ 124, 996 N.E.2d 1057 (Theis, J., dissenting, joined by Garman, J.). Accordingly, we do not find the *Coram* decision controls this case.

¶ 25   Since we have found petitioner is prohibited from possessing a firearm under section 922(g)(9) of the Gun Control Act of 1968, the circuit court could not enter an order allowing petitioner to obtain a FOID card. Thus, the circuit court's order doing so in this case was erroneous.

¶ 26                                    III. CONCLUSION

¶ 27   For the reasons stated, we reverse the Sangamon County circuit court's judgment.

¶ 28   Reversed.