NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200590-U

NO. 4-20-0590

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| BRADLEY H. BRASHER, | ) | Appeal from |
| Petitioner-Appellant, | ) | Circuit Court of |
| v. | ) | McLean County |
| DON KNAPP, State's Attorney of McLean County, | ) | No. 20MR55 |
| Respondent-Appellee. | ) | |
| | ) | Honorable |
| | ) | Rebecca S. Foley, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in denying petitioner's motion to direct the
Department of State Police to issue a Firearm Owners Identification (FOID) card
where petitioner failed to meet the applicable standards set forth in section 10(c)
of the Firearm Owners Identification Card Act (430 ILCS 65/10(c) (West 2020)).

¶ 2    In January 2020, petitioner, Bradley H. Brasher, filed a motion to direct the

Department of State Police (the Department) to issue him a FOID card. After a hearing on the

motion, the circuit court denied petitioner's motion on the ground petitioner was barred from

possessing a firearm under federal law.

¶ 3    On October 16, 2020, petitioner filed a motion asking the circuit court to

reconsider its judgment. On November 23, 2020, the court held a hearing on petitioner's motion.

The circuit court acknowledged it erred by failing to consider our supreme court's decision in

*Johnson v. Department of State Police*, 2020 IL 124213, 161 N.E.3d 161, and proceeded to "re-analyze the evidence that is in the record in this case" in light of *Johnson*. Ultimately, the court determined petitioner failed to establish (1) the circumstances of his criminal convictions, criminal history, and reputation indicated he would not be likely to act in a manner dangerous to public safety and (2) granting petitioner relief would not be contrary to the public interest. Therefore, the court again denied petitioner's motion.

¶ 4            Petitioner appeals, arguing the circuit court erred by (1) failing to consider all relevant caselaw and (2) requiring "witnesses not law." We disagree and affirm.

¶ 5                                I. BACKGROUND

¶ 6                A. Motion to Direct the Department to Issue a FOID Card

¶ 7            On January 28, 2020, petitioner filed a *pro se* motion in the circuit court of McLean County pursuant to section 10 of the Firearm Owners Identification Card Act (FOID Card Act) (430 ILCS 65/10 (West 2020)). Petitioner sought an order directing the Department to issue him a FOID card. In June 2020, petitioner again filed a motion seeking an order directing the Department to issue him a FOID card, and in September 2020, petitioner filed amendments to the motion, including additional attachments. Attached to petitioner's amended motion was a copy of a letter from the Department denying his application for a FOID card. In the letter, the Department denied petitioner's application pursuant to his convictions for: (1) criminal damage to state property, a Class 3 felony, in Ford County case No. 11-CF-60; (2) domestic battery in McLean County case No. 13-CF-183; (3) domestic battery in Ford County case No. 11-CF-12; and (4) domestic battery in Champaign County case No. 05-JD-73. Additionally, the letter noted federal law prohibited firearm ownership by (1) "persons who have been convicted of a crime

punishable by imprisonment for a term exceeding one year" and (2) "[p]ersons convicted in any court of a misdemeanor crime of domestic violence."

¶ 8        In his amended motion, petitioner argued (1) he has never been convicted of a forcible felony; (2) he had not been convicted of a firearm barring offense in the prior seven years; (3) although he had been convicted of domestic battery, "the nature of such convictions are not life time barring" (citing *Coram v. State*, 2013 IL 113867, 996 N.E.2d 1057, and *Hensley v. Illinois State Police*, 2012 IL App (3d) 110011-U); (4) the circumstances surrounding his convictions were unlikely to reoccur; (5) he had a reputation in the community as an "honest, hardworking, law abiding, and non-violent individual"; and (6) granting his petition would not be contrary to the public interest.

¶ 9        Petitioner attached to his motion: (1) copies of *Coram*, *Hensley*, *Johnson*, *Fuller v. Department of State Police*, 2019 IL App (1st) 173148, 125 N.E.3d 1145, and *Wakefield v. Department of State Police*, 2015 IL App (5th) 140363-U; (2) the letter from the Department denying his FOID card with petitioner's handwritten notes; (3) an unofficial transcript from Heartland Community College; (4) an academic progress report from Heartland Community College showing petitioner had completed 36 of 60 required hours towards a pre-criminal justice associates degree; (5) the articles of organization for "Blac Cultivation LLC," a limited liability company listing petitioner as a manager; (6) petitioner's insurance license permitting him to produce fire and casualty insurance; (7) screenshots of text messages purportedly between petitioner and a victim from one of his prior convictions; and (8) petitioner's order for probation and record sheet in McLean County case No. 13-CF-183.

¶ 10        The McLean County State's Attorney's Office filed an objection to petitioner's motion. It argued (1) the denial of petitioner's FOID card application demonstrated "substantial

justice," (2) 20 years had not passed since petitioner committed a forcible felony, (3) petitioner's "history and reputation are such that the Petitioner is likely to act in a manner dangerous to public safety," (4) granting relief would be contrary to the public interest, and (5) granting relief would be contrary to federal law. Specifically, as to the last argument, the state's attorney contended petitioner was barred from possessing a firearm under section 922(g)(1) of the Federal Gun Control Act of 1968 (Gun Control Act) (18 U.S.C. § 922(g)(1) (2018)). The federal provision bars firearm possession not only for violent offenses but also for " 'serious' criminal offenses," which the state's attorney argued applied to petitioner's conviction for criminal damage to state property in Ford County case No. 11-CF-60. Alternatively, the state's attorney argued petitioner was prohibited from possessing a firearm under section 922(g)(9) of the Gun Control Act due to his misdemeanor domestic violence convictions.

¶ 11      Petitioner replied, contending that under section 921(a)(33)(B)(ii) of the Gun Control Act (18 U.S.C. § 921(a)(33)(B)(i) (2018)), he was exempt from federal restrictions and, further, the denial of his FOID card due to federal restrictions was unconstitutional as applied to him, citing *Coram*. Petitioner argued "substantial justice" was not accomplished by denying him a FOID card and, though he agreed he should not have committed the crimes he was convicted of, he has "grown to become a successful productive citizen, who is now a father of two ***, Certified Computer Scientist, a License[d] Insurance Agent, Local Business Owner[,] and a student pursuing a minor [in] Criminal Justice and a [Bachelor's degree] in Law." Petitioner also moved to strike (1) his juvenile domestic violence conviction in Champaign County case No. 05-JD-73 and (2) his conviction for possession of cannabis.

¶ 12                    B. Hearing on the Motion

¶ 13        On October 16, 2020, the circuit court held a hearing on the motion. At the outset, the court denied petitioner's motions to strike his juvenile domestic violence conviction and cannabis conviction. The court asked petitioner if he wished to present oral testimony, and petitioner responded, "I do have an opening statement, but to my understanding the burden is on the State to prove the character of the individual who I am today." Petitioner argued the relevant convictions were 7 to 15 years old and he was "now a 28-year-old father of two, a business owner who is in pursuant [*sic*] of a BA in law who has served the community *** with multiple customer service focused jobs." Further, petitioner argued, "The State has yet to prove the petitioner is a danger to the public as a 28-year-old man, or how it would be against the public's interest for a 28-year-old law student to possess a firearm."

¶ 14        The circuit court reviewed petitioner's attached exhibits. The court declined to admit the case law copies, explaining to petitioner, "You can argue them, but they are not admitted as exhibits." In the absence of the necessary foundation, the court also declined to admit screenshots of text messages. Otherwise, the court admitted petitioner's exhibits. The state's attorney asked the court to take judicial notice of petitioner's prior convictions: (1) Champaign County case No. 05-JD-73, (2) Ford County case No. 11-CF-60, (3) McLean County case No. 13-CF-183, and (4) McLean County case No. 15-CM-168.

¶ 15        Petitioner argued the state's attorney had only presented his criminal history and had not "proven beyond an extent that [he is] a danger to the public or it would be against the public's interest as the 28-year-old man [he is] today to possess a firearm." Petitioner made no reference to the case law attached to his motion during his argument.

¶ 16        The state's attorney argued petitioner was prohibited from possessing a firearm under federal law. In addition, the state's attorney explained that section 10 of the FOID Card

Act required the court to consider "[w]hether the applicant has been convicted of a forceful felony within the past 20 years, the circumstances regarding that conviction and granting relief would not be contrary to the public interest[,] and it would not be contrary to Federal law." The state's attorney argued petitioner did not offer testimony to explain the circumstances of the offenses or establish petitioner's present character. In response, petitioner reiterated he believed he was exempt from the federal restrictions.

¶ 17        Following argument, the circuit court began by noting there are five criteria to consider under section 10 of the FOID Card Act. The court determined petitioner had satisfied the service requirement (see 430 ILCS 65/10(c)(0.05) (West 2018)) and petitioner's felony conviction did not meet the definition of a forcible felony under Illinois law (see *id.* § 10(c)(1)). As for the remaining factors, the court focused on the fourth factor: "granting relief would not be contrary to Federal law" (see *id.* § 10(c)(4)). The court noted federal law prohibited firearm ownership to those who have been convicted of (1) a crime punishable by imprisonment of more than one year and (2) domestic battery. Citing *Baumgartner v. Greene County State's Attorney's Office*, 2016 IL App (4th) 150035, 52 N.E.3d 654, the court noted *Coram* was not applicable to petitioner where *Coram* cited a prior version of the FOID Card Act. Continuing to cite *Baumgartner*, the court determined that, where petitioner had not lost any rights with his domestic violence conviction in McLean County case No. 13-CF-183, those civil rights could not have been restored. The court determined, "Accordingly, Mr. Brasher remains under a Federal firearm disability. As such, the Court will not address the remaining elements of [section 10 of the FOID Card Act]." As to the felony conviction and the other domestic violence convictions, the court determined the federal exemption in section 921(a)(33)(B)(ii) of the Gun

Control Act did apply, as petitioner's rights were restored in those cases. The court denied petitioner's motion.

¶ 18                                          C. Motion to Reconsider

¶ 19          On October 16, 2020, petitioner filed a motion asking the circuit court to reconsider its judgment. In his motion, petitioner argued he had lost rights with his conviction, listing:

> "1. The Right to Bear arms.
>
> 2. The right to Defend home on The Common Law Principle of Castle Doctrine.
>
> 3. The right to privacy from public searched of record.
>
> 4. The right to pursue certain Professions."

Petitioner argued that, as these rights had been lost, they could be restored, relevant to the federal exception in section 921(a)(33)(B)(ii) of the Gun Control Act. The state's attorney did not file a written response to petitioner's motion.

¶ 20          On November 23, 2020, the circuit court held a hearing on petitioner's motion to reconsider the judgment. Petitioner cited to *Johnson*, arguing the following propositions: "[O]ne, the right to keep and bear arms is a civil right, two, Illinois has a regulatory mechanism to restore those rights, and three, relief granted under Section 10 of the FOID Card Act constitutes a sufficient restoration of civil rights as intended by section [921(a)(33)(B)(ii)]."

¶ 21          The state's attorney maintained their objection to petitioner's motion, "primarily on [petitioner]'s background." Specifically, the State argued, "his criminal history is what prohibits him from receiving a FOID card."

¶ 22          The circuit court acknowledged it erred in applying *Baumgartner* in light of the decision in *Johnson*. The court granted rehearing and proceeded to reanalyze the evidence in

light of *Johnson*. The court determined that, under *Johnson*, a petitioner must still meet the requirements of section 10(c)(1) through (4). See *Johnson*, 2020 IL 124213, ¶ 19. As to the first factor, as the court had previously determined, petitioner had not committed a forcible felony. As to the fourth factor, that a petitioner is not prohibited from owning a firearm under federal law, the court acknowledged *Johnson* held if a petitioner "can meet all of the elements of the FOID Card Act then their civil rights have been restored which would eliminate the prohibition under Federal law." See *id.* ¶ 47. The court then turned to the second and third factors: "[C]ircumstances regarding a criminal conviction and reputation, and then whether or not granting relief would be contrary to the public interest." The court noted it had not previously reviewed those factors where it denied petitioner's motion on the federal prohibition factor.

¶ 23         The circuit court reviewed the evidence presented by petitioner. The court noted the Heartland Community College transcript "showing classes taken *** showing progress toward, but no degree obtained." As to petitioner's insurance license, the court stated the following:

> "The fact that Mr. Brasher has obtained his insurance license is evidence in his favor as it assumes the director of insurance was advised of his felony conviction and considered mitigating factors and evidence of rehabilitation pursuant to Section 500-76 of the Illinois Insurance Code. However, other than the license itself there is no evidence in this record with regard to that process."

The court further noted petitioner did not testify at the hearing and presented no witnesses in support of his motion. The court then reviewed petitioner's criminal history including his convictions for domestic battery, his felony conviction for criminal damage to state property, and his conviction for possession of cannabis. The court determined:

- 8 -

"Mr. Brasher has not established that his criminal history and reputation indicate that he is not likely to act in a manner dangerous to public safety, nor has he established that granting relief is not contrary to the public interest. As he fails to meet these requirements, he has failed to establish that his civil rights have been restored. Accordingly, the motion for the order to direct the Illinois State Police to issue his FOID card will be denied."

¶ 24   This appeal followed.

¶ 25                    II. ANALYSIS

¶ 26   Prior to addressing petitioner's arguments, we note the state's attorney has not filed a brief in the matter.

"[I]n the absence of an appellee's brief, a reviewing court has three options: (1) the court may serve as an advocate for the appellee and decide the case when the court determines that justice so requires; (2) the court may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of an appellee's brief; or (3) the court may reverse the trial court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record." *Village of Lake in the Hills v. Niklaus*, 2014 IL App (2d) 130654, ¶ 14, 11 N.E.3d 26.

Because the record before us is simple and the claimed errors are such that this court can easily decide them without the aid of an appellee's brief, we will address the merits of petitioner's appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

¶ 27    On appeal, petitioner argues (1) the court erred by failing to analyze "all relevant and similar case law regarding firearm restoration" and (2) the court stated a preference "for witnesses not law."

¶ 28                    A. The Law of Section(10)(c)

¶ 29    We begin by discussing the state of the law relevant to section 10(c) of the FOID Card Act. Under the FOID Card Act, the Department may deny an application for a FOID card if the applicant has been convicted of domestic battery or is a person prohibited from acquiring or possessing firearms or firearm ammunition by state statute or federal law. 430 ILCS 65/8(l), (n) (West 2020). Section 10 of the FOID Card Act provides a mechanism by which a petitioner can appeal the denial of his application for a FOID card. Pursuant to section 10, "Any person prohibited from possessing a firearm *** under Section 8 of this Act may *** petition the circuit court *** requesting relief from such prohibition." *Id.* § 10(c). A circuit court may grant a FOID card applicant relief where he establishes the following requirements:

> "(0.05) when in the circuit court, the State's Attorney has been served with a written copy of the petition at least 30 days before any such hearing in the circuit court and at the hearing the State's Attorney was afforded an opportunity to present evidence and object to the petition;
>
> (1) the applicant has not been convicted of a forcible felony under the laws of this State of any other jurisdiction within 20 years of the applicant's application for a [FOID card], or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law." *Id.*

The language that bars the circuit court from granting relief where contrary to federal law took effect on January 1, 2013. See Pub. Act 97-1131 (eff. Jan. 1, 2013) (amending 430 ILCS 65/10).

¶ 30      Under the Gun Control Act, it is unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess a firearm. 18 U.S.C. § 922(g)(9) (2018). However, the Gun Control Act further provides:

"A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(33)(B)(ii) (2018).

In *Logan v. United States*, 552 U.S. 23, 28 (2007), the Supreme Court noted that, although the term "civil rights" was not defined in the Gun Control Act, "courts have held *** that the civil rights relevant under the *** provision are the rights to vote, hold office, and serve on a jury."

¶ 31      The plurality opinion of the Illinois Supreme Court in *Coram*, 2013 IL 113867, ¶ 74, determined that under a version of the FOID Card Act predating the 2013 amendments, section 10(c) could remove a federal firearms disability and entitle a petitioner to a FOID card.

While the lead opinion in *Coram* addressed the 2013 amendments (see *Coram*, 2013 IL 113867, ¶ 75 ("Relief granted pursuant to statutory review *removes* the federal firearm disability." (Emphasis in original.)), those comments were *dicta*, and a majority of the court did not agree with that *dicta*. See *id.* ¶ 101 (Burke, J., specially concurring, joined by Freeman, J.) ("The amendments make clear that a circuit court no longer has the authority to make findings or grant relief under section 10 if the court concludes that the applicant would be in violation of federal law if he or she were to possess a firearm."); *id.* ¶ 124 (Theis, J., dissenting, joined by Garman, J.) ("[U]nder the amended statute, the relief procedures under section 10 cannot remove a federal firearms disability."). Since the 2013 amendments, the appellate courts have agreed with the majority of the supreme court in *Coram* that a circuit court is prohibited from granting a petitioner relief under section 10 of the FOID Card Act when he is prohibited from possessing a firearm under federal law. See *Walton v. Illinois State Police*, 2015 IL App (4th) 141055, ¶ 23, 39 N.E.3d 1095; *People v. Johnson*, 2015 IL App (1st) 133633, ¶ 29, 44 N.E.3d 486; *People v. Frederick*, 2015 IL App (2d) 140540, ¶ 28, 40 N.E.3d 63; *O'Neill v. Director of the Illinois Department of State Police*, 2015 IL App (3d) 140011, ¶ 31, 28 N.E.3d 1020; *Odle v. Department of State Police*, 2015 IL App (5th) 140274, ¶ 33, 43 N.E.3d 1223.

¶ 32 However, in *Johnson*, 2020 IL 124213, the supreme court reconsidered the federal restriction under section 922(g)(9) of the Gun Control Act. In *Johnson*, the petitioner, much like petitioner here, had been convicted of a misdemeanor battery against her then-husband but did not serve a term of confinement and therefore did not lose any of the rights discussed in *Logan*. *Id.* ¶¶ 3, 28-29. The circuit court determined the petitioner satisfied the requirements of sections 10(c)(1) through (3) of the FOID Card Act, and thus she was eligible to have her FOID card reinstated but for her firearm disability under federal law. *Id.* ¶ 9.

¶ 33 In analyzing the federal firearms restrictions, the supreme court stated:

"The 'civil rights restored' provision uniformly has been described as 'a measure by which the government relieves an offender of some or all of the consequences of his conviction,' and 'extend[s] to an offender a measure of forgiveness." [*Logan*, 552 U.S. at 26]. The law of the convicting jurisdiction controls whether civil rights have been restored (*Caron v. United States*, 524 U.S. 308, 316 (1998)) because 'Congress sought to accommodate a state's judgment that a particular person *** is, despite a prior conviction, sufficiently trustworthy to possess firearms" (*McGrath v. United States*, 60 F.3d 1005, 1009 (2d Cir. 1995)). See also *United States v. Estrella*, 104 F.3d 3, 6-7 (1st Cir. 1997) ('by reinvesting a person with core civic responsibilities, the state vouches for the trustworthiness of that person to possess firearms' unless that right is expressly withheld). Thus the provision queries whether an offender's legal status has been altered by a state's dispensation of forgiveness. *Logan*, 552 U.S. at 26.

Illinois law provides a path to do exactly that—restore firearm rights under a specific restoration of rights provision. Sections 10(c)(1)-(3) of the FOID Card Act as a mechanism to relieve an offender of some of the consequences of his conviction and extend a measure of forgiveness to certain qualified offenders. Specifically, the State has a process for determining, after an individualized hearing, that the individual is not likely to act in a manner dangerous to public safety and that is would not be against the public interest for the individual to possess firearms. 430 ILCS 65/10(c)(1)-(3) (West 2012). Thus, Illinois law indeed

provides a status altering dispensation by restoring firearm rights." *Johnson*, 2020 IL 124213, ¶¶ 26-27.

¶ 34    The supreme court disagreed with the notion "civil rights" encompassed only those rights discussed in *Logan* and found that "(1) the right to keep and bear arms is a 'civil right,' (2) Illinois has a regulatory mechanism to restore those rights through an individualized determination, and (3) relief granted under section 10 of the FOID Card Act constitutes a sufficient restoration of civil rights as intended by section 921(a)(33)(B)(ii)." *Id.* ¶ 30. In support, the supreme court considered that recognizing firearms rights as civil rights that could be restored was consistent with the legislative purpose of the federal statute at issue, explaining:

> "A state regulatory scheme that restores a person's eligibility for firearm rights by affirmatively and expressly evaluating that person's future dangerousness— through evidence, and not generalization—is entirely consistent with the trustworthiness rationale that underpins the 'civil rights restored' provision. Indeed, such a scheme is a direct and relevant path for a state to show that a person is rehabilitated and can be trusted to possess firearms. It reflects a determination by the convicting jurisdiction that the particular consequence of the conviction should no longer be imposed.
>
>     ***
>
> Thus, to ignore the express and measured finding under a section 10 hearing that an individual no longer poses a risk to public safety would frustrate the very legislative purpose underlying the federal statute." *Id.* ¶¶ 41-43.

¶ 35        Ultimately, the supreme court held that the petitioner's firearm rights lost as a

result of her conviction "were restored under Illinois's regulatory scheme (430 ILCS 65/10(c)(1)-

(3) (West 2012)), which affirmatively provided for a 'status-altering dispensation.' " *Id.* ¶ 47.

¶ 36                              B. This Case

¶ 37        In this case, petitioner argues the circuit court erred by (1) failing to consider all

relevant case law and (2) requiring petitioner to present "witnesses not law" in deciding

petitioner was not eligible for relief under section 10 of the FOID Card Act.

¶ 38                              1. *Relevant Case Law*

¶ 39        Petitioner argues the circuit court failed to consider all relevant case law in

determining he was not eligible for relief under section 10 of the FOID Card Act. Specifically,

petitioner cites to *Coram*, *Johnson*, and *Hensley*.

¶ 40        At the outset, we note *Hensley* is an unpublished order under Illinois Supreme

Court Rule 23(b) (eff. July 1, 2011), entered prior to January 21, 2021. Unpublished orders are

"not precedential except to support contentions of double jeopardy, *res judicata*, collateral

estoppel, or law of the case" but may be cited for persuasive purposes if entered on or after

January 1, 2021. Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021). Accordingly, neither we nor the circuit

court may consider the decision in *Hensley*.

¶ 41        As discussed above, *Coram* addressed a prior version of the statute. That prior

version of the statute is inapplicable to petitioner, and therefore, the decision by the supreme

court to remove the petitioner's firearm disability in *Coram* does not warrant a different result in

this case. See *Baumgartner*, 2016 IL App (4th) 150035, ¶ 33. In addition, the circuit court

addressed *Coram* and determined, as we do here, "that case addressed a previous version of the

FOID Act that is inapplicable to [petitioner]."

¶ 42    Finally, as to *Johnson*, the circuit court acknowledged it did not consider *Johnson* in the original hearing on petitioner's motion but did discuss *Johnson* at length in the hearing on petitioner's motion to reconsider the court's judgment. In its application of *Johnson*, the court acknowledged petitioner could be granted relief so long as he met "the full requirements of the FOID Card Act"—namely section 10(c)(1), (2) and (3).

¶ 43    We therefore find no error, as the court fully considered the relevant case law at the hearings.

¶ 44                    *2. Requirements of Section 10(c)(2) and (3)*

¶ 45    Finally, petitioner argues the circuit court erred by requiring "witnesses not law." We understand this as an argument that the circuit court erred in determining petitioner failed to satisfy the requirements of section 10(c)(2) and (3). Petitioner again cites to *Coram* and *Hensley* as representing cases where similarly situated petitioners presented no witnesses but obtained relief from the circuit court. As noted above, we cannot consider *Hensley* because it is an unpublished order entered before January 1, 2021. See Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021).

¶ 46    At the hearing to reconsider petitioner's motion, the circuit court determined petitioner was not barred from possessing a firearm under federal restrictions if he could satisfy the other requirements of section 10(c). The court acknowledged petitioner had not committed a forcible felony, satisfying section 10(c)(1) of the FOID Card Act. This left petitioner to satisfy section 10(c)(2), "the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety," and section 10(c)(3), "granting relief would not be contrary to the public interest." See 430 ILCS 65/10(c) (West 2020).

¶ 47        Petitioner presented little evidence to demonstrate he was not likely to act in a manner dangerous to public safety and granting him relief would not be contrary to the public interest. This appears to be due to petitioner misunderstanding where the burden lies. At the initial hearing on the motion, petitioner stated, "to my understanding the burden is on the State to prove the character of the individual who I am today." This is an incorrect statement of law. Under section 10(c), the court may grant relief where "it is *established by the applicant* to the court's satisfaction" the four requirements of the section. (Emphasis added.) 430 ILCS 65/10(c) (West 2020); see also *Brown v. Illinois State Police*, 2020 IL App (3d) 180409, ¶ 20, 159 N.E.3d 457 ("The trial court may not grant relief, however, unless *the petitioner has proven* the *** four requirements to the trial court's satisfaction." (Emphasis added.)). Petitioner presented to the court minimal evidence far below what any court would reasonably believe to be to its "satisfaction" to establish requirements (2) and (3).

¶ 48        Petitioner points to *Coram*, where the petitioner presented no witnesses. Although *Coram* addressed a prior version of the statute, we find it is distinguishable from petitioner's case. In *Coram*, the petitioner presented evidence in the form of a psychological report. *Coram*, 2013 IL 113867, ¶ 12. The examining psychologist " 'strongly recommended' that Coram be 'reconsidered for a FOID [card],' noting, 'from a mental health standpoint, there is no indication that [Coram] would be dangerous if given a FOID [card], and allowed to access any form of weaponry." *Id.* Although the petitioner presented no witnesses to testify in court, he did present adequate evidence for the court to consider. Petitioner failed to do so in this case.

¶ 49        In *Johnson*, the petitioner presented multiple witnesses, including her current husband and several law enforcement personnel who knew her personally, in addition to testifying herself. *Johnson*, 2020 IL124213, ¶ 8. Therefore, it was "undisputed that *Johnson*

satisfied the first three criteria for relief after an evidentiary hearing," where the court had a strong basis for that finding. *Id.* ¶ 20.

¶ 50 It was not error for the circuit court to require petitioner to establish requirements (2) and (3) of section 10(c) with satisfactory evidence, as petitioner bore the burden of proof. The circuit court did not require this satisfactory evidence be witnesses, it merely needed to be sufficient to demonstrate petitioner's character was such that he could satisfy the requirements.

¶ 51 Petitioner presented as evidence of his character (1) his records from Heartland Community college, which demonstrated he had been attending college classes but had not yet obtained a degree; (2) the articles of organization for Blac Cultivation LLC, of which he was a manager; (3) and his insurance license. Although, as the circuit court acknowledged, that petitioner obtained an insurance license was a factor in his favor, petitioner presented no evidence in the record as to the process of obtaining his license. Overall, none of the evidence presented demonstrated petitioner was unlikely to act in a manner dangerous to public safety when compared to his criminal record, which contained three separate convictions for domestic violence. Petitioner did not attempt to explain the circumstances of his convictions or his current reputation. Therefore, it was not error for the court to find petitioner failed to satisfy the requirements of section 10(c)(2) and (3).

¶ 52 The record supports the circuit court's finding that petitioner failed to demonstrate he was eligible for relief under factors (2) and (3) of section 10(c) of the FOID Card Act. Moreover, petitioner was not eligible for the exemption in section 921(a)(33)(B)(ii) of the Gun Control Act. Thus, the circuit court properly denied his motion for relief seeking an order directing the Department to issue petitioner a FOID card.

¶ 53 III. CONCLUSION

- 18 -

¶ 54   For the reasons stated, we affirm the circuit court's judgment.

¶ 55   Affirmed.